**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **NUECES COUNTY, TEXAS** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| **MERSCORP HOLDINGS, INC. et al.,** | § | **CIVIL ACTION NO. 2:12-CV-00131** |
| | § | |
| **Defendants.** | § | **JUDGE NELVA GONZALES RAMOS** |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |

**MEMORANDUM IN SUPPORT OF**
**BANK OF AMERICA, N.A.'S MOTION TO DISMISS**

Thomas M. Hefferon (pro hac vice)      Darrell Lee Barger
Joseph F. Yenouskas (pro hac vice)      Hartline Dacus et al
Goodwin Procter LLP                            800 N Shoreline Blvd
901 New York Ave., N.W.                      Suite 2000 North Tower
Washington, D.C. 20001                        Corpus Christi, TX 78401
Tel.: 202-346-4029                                Tel.: 361-866-8009
Fax: 202-346-4444                                Fax: 361-866-8039
thefferon@goodwinprocter.com           dbarger@hdbdlaw.com
jyenouskas@goodwinprocter.com

*Attorneys for Bank of America, N.A.*   *Attorney for Bank of America, N.A.*

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................ 1

BACKGROUND ........................................................................................................ 4

I.      THE COMPLAINT. ............................................................................... 4

II.     HOW MERS WORKS. ........................................................................... 5

ARGUMENT .............................................................................................................. 7

I.      The County Fails to State a Claim Under Tex. Civ. Prac. & Rem. Code § 12.002 For Filing a False Lien ................................................................. 7

      A.      By Statute, Texas Permits MERS To Serve As Record Beneficiary. ......... 8

            1.      Under Texas Law, MERS Is The Statutory Mortgagee. ................. 8

            2.      MERS May Serve As Beneficiary Or Mortgagee Under The Security Instruments Signed By Borrowers. ......................... 11

      B.      The Complaint Otherwise Fails to State a Claim for Violation of Section 12.002 ................................................................................ 14

            1.      The Complaint Fails to Allege Intent to Cause Financial Injury. ................................................................................ 15

            2.      MERS Security Instruments Are Not Fraudulent Liens. .............. 16

            3.      Plaintiff Is Not An "Injured Person" Because It Suffers No Harm From Non-Recorded Documents. ....................................... 18

            4.      The Statute Provides No Right of Action To The County. ........... 19

            5.      Plaintiff Fails to Plead its Claims With Particularity ................... 20

II.     THE COURT SHOULD ALSO DISMISS THE COMPLAINT BECAUSE IT OTHERWISE FAILS TO STATE COGNIZABLE CLAIMS FOR RELIEF. ................................................................... 20

      A.      The County Lacks Standing to Assert the Other Claims ......................... 20

      B.      The County Fails to State a Claim for Violation of Section 192.007 of the Local Government Code ........................................................................ 22

            1.      Texas Law Imposes No Duty To Record Assignments, Or Any Other Loan-Related Documents ........................................... 22

2.      No Right of Action Exists Under Section 192.007........................ 27

3.      No Violation Occurred Even Under the County's Theory. .......... 29

C.     The Unjust Enrichment Claim Should Be Dismissed............................... 30

D.     The County Is Not Entitled to Declaratory Judgment .............................. 34

E.     Injunctive Relief and Exemplary Damages Are Not Cognizable Causes Of Action........................................................................................................ 37

F.     No Conspiracy Claim Is Stated................................................................. 37

**CONCLUSION** ....................................................................................................... 38

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*AEP Texas North Co. v. SPA Pipe, Inc.*,
  2008 WL 5210919 (Tex. App. – Austin Dec. 12, 2008, pet. dism'd) ....................................11

*Aguero v. Ramirez*,
  70 S.W.3d 372 (Tex. App.—Corpus Christi 2002, no pet.) ....................................................12

*Anderson v. CitiMortgage, Inc.*,
  2011 WL 1113494 (E.D. Tex. Mar. 24, 2011) ......................................................................13

*Athey v. Mortg. Elec. Registration Sys., Inc.*,
  314 S.W.3d 161 (Tex. App. – Eastland 2010, pet. denied) ...............................................2, 12

*Austin Police Dept. v. Brown*,
  96 S.W.3d 588 (Tex. Ct. App. 2002) ....................................................................................18

*Avalon Residential Care Homes, Inc. v. City of Dallas*,
  2011 WL 4359940 (N.D. Tex. Sept. 19, 2011)......................................................................15

*Bates* v. *Am. Lending Alliance*,
  No. 10-1-0160-01 (Haw. Mar. 12, 2012) ...............................................................................1

*Bates v. Mortgage Elec. Registration Sys., Inc.*,
  2011 WL 1304486 ..........................................................................................................1, 24

*Bates v. Mortgage Elec. Registration Sys., Inc.*,
  2011 WL 892646 (E.D. Cal. Mar. 11, 2011), *appeal docketed*, No. 11-15894........................1

*Bates v. Mortgage Elec. Registration Sys., Inc.*,
  No. 10-10 (Tn. Ch. Ct. Apr. 4, 2012 .......................................................................................1

*Bates* v. *Mortgage Elec. Registration Sys.*,
  No. 2010 CA 002993 (D.C. May 7, 2012)...............................................................................1

*Bates v. Mortgage Elec. Registration Sys.*,
  No. 49D12-0911-CT-051734 (Ind. June 22, 2012) ..................................................................1

*Bauer v. Texas*,
  341 F.3d 352 (5th Cir. 2003) ...............................................................................................34

*Bell v. Bank of America Home Loan Servicing LP*,
  No. 4:11–cv–02085, 2012 WL 568755 (S.D. Tex. Feb. 21, 2012)..........................................34

*Benchmark Elecs., Inc. v. J.M. Huber Corp.*,
   343 F.3d 719 (5th Cir. 2003) ................................................20

*Berry v. Indianapolis Life Ins. Co.*,
   600 F. Supp. 2d 805 (N.D. Tex. 2009) ................................37

*Birkland v. Silver State Fin. Servs.*,
   2010 WL 3419372 (D. Nev. Aug. 25, 2010) ........................14

*Bittinger v. Wells Fargo, N. A.*,
   744 F. Supp. 2d 619 (S.D. Tex. 2010) ..........................24, 27

*Brockenborough v. Melton*,
   55 Tex. 493, 1881 WL 9806 (1881) ......................................5

*Campbell v. Mortgage Electronic Registration Systems, Inc.*,
   2012 WL 1839357 (Tex. App.—Austin May 18, 2012)........9, 24

*Cannon v. JPMorgan Chase Bank, N.A.*,
   2011 WL 6838615 (E.D. Tex. Nov. 16, 2011) ......................10

*Carpenter v. Arroyo-Colorado Nav. Dist. of Cameron & Willacy Contys.*
   111 S.W.2d 822 (Tex. Civ. App. – San Antonio 1937)........21

*Carter v. Gray*,
   81 S.W.2d 647 (Tex. 1935)..................................................12

*Casstevens v. Smith*,
   269 S.W.3d 222 (Tex. App. – Texarkana 2008, pet. denied) .........16, 17

*Centurion Planning Corp. v. Seabrook Venture II*,
   176 S.W.3d 498 (Tex. App. Houston 1st Dist. 2004)................17, 18, 19

*Cervantes v. Countrywide Home Loans, Inc.*,
   656 F.3d 1034 (9th Cir. 2011) ............................13, 14, 30

*Chance v. Aurora Loan Services, L.L.C.*,
   No. 3:11–CV–1237–BH, 2012 WL 912939 (N.D. Tex. Mar. 19, 2012)................34

*Christian County Clerk v. Mortgage Elec. Registration Sys., Inc.*,
   2012 WL 566807 (W.D. Ky. Feb. 21, 2012) ....................1, 29

*Cockerham v. Kerr-McGee Chem. Corp*,
   23 F.3d 101 (5th Cir. 1994) ..........................................32, 33

*Connect Insured Telephone, Inc. v. Qwest Long Distance, Inc.*,
   No. 3:10–CV–1897–D, 2012 WL 2995063 (N.D. Tex. July 23, 2012)...................36

*Contreras v. Bennett,*
   2011 WL 6432807 (Tex. App. – El Paso Dec. 22, 2011, no pet.) ...........................................19

*Cook v. Wells Fargo Bank, N.A.,*
   2010 WL 2772445 (N.D. Tex. July 12, 2010) ........................................................................37

*Cooper v. Cochran,*
   288 S.W.3d 522 (Tex. App. –Dallas 2009, no pet.)...................................................................6

*Corpus v. Arriaga,*
   294 S.W.3d 629 (Tex. App. – Houston [1st Dist.] 2009, no pet.) ......................................3, 23

*Crawford v. Protective Life Ins.,*
   2000 WL 33348737 (W.D. Tex. Oct. 20, 2000) ....................................................................34

*Dallas County v. MERSCORP, Inc.,*
   No. 3:11-2733 (N.D. Tex. May 23, 2012) (attached hereto as Exhibit 6) ...................... passim

*Dancy v. Aurora Loan Servs.,*
   LLC, 2010 U.S. Dist. LEXIS 116513 (N.D. Cal. Nov. 1, 2010) .............................................14

*Davis v. Hendrick Autoguard, Inc.,*
   294 S.W.3d 835 (Tex. App. – Dallas 2009, no pet.)....................................................27, 28, 29

*Davis v. United Air Lines, Inc.,*
   575 F. Supp. 677 (E.D.N.Y. 1983) ........................................................................................31

*Defranceschi v. Wells Fargo Bank, N.A.,*
   2011 WL 3875338 (N.D. Tex. Aug. 31, 2011)....................................................................6, 13

*Earnest v. Couch,*
   81 S.W.2d 761 (Tex. Civ. App. – San Antonio 1935) ............................................................21

*Eskridge v. Fed. Home Loan Mortg. Corp.,*
   2011 WL 2163989 (W.D. Tex. Feb. 24, 2011)......................................................................13

*Fairfield Ins. Co. v. Stephens Martin Paving, LP,*
   246 S.W.3d 653 (Tex. 2008).................................................................................................11

*First Nat'l Bank v. McElroy,*
   112 S.W. 801 (Tex. Civ. App. 1908) .......................................................................................5

*Fontenot v. Wells Fargo Bank, N.A.,*
   198 Cal. App. 4th 256 (2011) ...............................................................................................14

*Fowler v. ReconTrust Co., N.A.,*
   2011 WL 839863 (D. Utah Mar. 10, 2011) ...........................................................................14

*Fuller v. Mortg. Elec. Registration Sys., Inc.*,
  slip op., No. 3:11-cv-J-20MCR (M.D. Fla. June 27, 2012) ....................................................1

*Garcia v. Bank of N.Y. Mellon*,
  2012 WL 692099 (N.D. Tex. Mar. 5, 2012) ........................................................................16

*GMAC Commercial Mortg. Corp. v. East Tex. Holdings*,
  441 F. Supp. 2d 801 (E.D. Tex. 2006)................................................................................17

*Greenspan v. Third Fed. Sav. & Loan Ass'n*,
  912 N.E.2d 567 (Ohio 2009)................................................................................................31

*Grochowski v. Phoenix Construction*,
  318 F.3d 80 (2d Cir. 2003)...................................................................................................31

*Hazzard v. Bank of America, NA*,
  2012 WL 232912 (S.D. Tex. June 19, 2012) .........................................................................3

*Heldenfels Bros., Inc. v. City of Corpus Christi*,
  832 S.W.2d 39 (Tex. 1992)..................................................................................................32

*Helms v. Mortg. Elec. Registration Sys., Inc.*,
  2012 WL 43368 (S.D. Tex. Jan. 9, 2012) ............................................................................12

*Henderson v. Pilgrim*,
  22 Tex. 464 (1858).....................................................................................................23, 24, 32

*Herndon v. Rite Aid Corp.*,
  2007 WL 2712978 (S.D. Ala. Sept. 14, 2007).....................................................................31

*Hornbuckle v. Countrywide Home Loans, Inc.*,
  2011 WL 1901975 (Tex. App. – Fort Worth May 19, 2011, no pet.) ................................2, 10

*In re Harwood*,
  404 B.R. 366 (Bankr. E.D. Tex. 2009) ..................................................................................3

*In re MERS Litig.*,
  MDL Docket No. 09-21119-JAT, 2011 WL 4550189 (D. Ariz. Oct. 3, 2011) .......................6

*In re MERSCORP, Inc. RESPA Litig.*,
  2008 U.S. Dist. LEXIS 40473 (S.D. Tex. May 16, 2008) ................................................5, 6, 7

*In re Mortg. Elec. Registration Sys. (MERS) Litig.*,
  2011 WL 251453 (D. Ariz. Jan. 25, 2011) ..........................................................................13

*In re Mortg. Elec. Registration Sys. (MERS) Litig.*,
  744 F. Supp. 2d 1018 (D. Ariz. 2010) .................................................................................13

*In re Purported Liens or Claims Against Samshi Homes, L.L.C.*,
    321 S.W.3d 665 (Tex. App.–Houston 2010) ........................................................35

*Jackson v. Mortgage Electronic Registration Systems, Inc.*,
    770 N.W.2d 487 (Minn. 2009).......................................................................29, 30

*Kiggundu v. Mortg. Elec. Registration Sys.*,
    2011 WL 2606359 (S.D. Tex. June 30, 2011), *aff'd*, 2012 WL 1033378 (5th
    Cir. Mar. 27, 2012) .....................................................................................17

*Lindsey v. Ocwen Loan Servicing, LLP*,
    2011 WL 2550833 (N.D. Tex. June 27, 2011) .....................................................37

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)....................................................................................21

*Malikyar v. BAC Home Loans Servicing, LP*,
    2011 WL 5837262 (E.D. Tex. Oct. 28, 2011) ..................................2, 10, 12, 13

*Martinez v. Capital One, N.A.*,
    2012 WL 1027571 (S.D.N.Y. Mar. 27, 2012) ......................................................31

*Maverick Conty. Water Control & Improvement District No. 1 v. State*,
    456 S.W.2d 204 (Tex. Civ. App. – San Antonio 1970, writ ref'd)..........................21

*Maxa v. Countrywide Loans, Inc.*,
    2010 WL 2836958 (D. Ariz. July 19, 2010) ......................................................14

*McAllister v. BAC Home Loans Servicing, LP*,
    2011 WL 2200672 (E.D. Tex. Apr. 28, 2011)......................................................2

*McCarthy v. Bank of America, N.A.*,
    2011 WL 6754064 (N.D. Tex. Dec. 22, 2011) ................................................2, 10

*McCracken v. Sullivan*,
    221 S.W. 336 (Tex. Civ. App. – San Antonio 1920, no writ) ............................3, 23

*McGinnis v. GMAC Mortg. Corp.*,
    2010 WL 3418204 (D. Utah August 27, 2010) ..................................................14

*McNair v. Cedar Park*,
    993 F.2d 1217 (5th Cir. 1993) .......................................................................34

*Medina v. Vanderbilt Mortg. & Fin., Inc.*,
    2010 WL 3359541 (S.D. Tex. Aug. 25, 2010) ............................................18, 19

*MG Bldg. Materials v. Moses Lopez Custom Homes, Inc.*,
    179 S.W.3d 51 (Tex. App. – San Antonio 2005, pet. denied) ................................16

- vii -

*Morgan v. Chandler*,
  906 S.W.2d 584 (Tex. App.–Amarillo 1995, writ denied) (Quinn, J.,
  concurring) ...........................................................................................................5

*Murry v. Bank of America, N.A.*,
  slip op. (N.D. Tex. June 11, 2012) ...................................................................17

*Musson Theatrical Inc. v. Fed. Exp. Corp.*,
  89 F.3d 1244 (6th Cir. 1996) ...........................................................................31

*Nevada ex rel. Bates v. Mortg. Elec. Registration Sys., Inc.*,
  2011 WL 1582945 (D. Nev. Apr. 25, 2011) ...............................................1, 24

*Nicholson v. OneWest Bank*,
  2010 WL 2732325 (N.D. Ga. April 20, 2010) .................................................14

*Ojeda De Toca v. Wise*,
  748 S.W.2d 449 (Tex. 1988)..................................................................3, 23, 28

*Omaha Healthcare Ctr., LLC v. Johnson*,
  344 S.W.3d 392 (Tex. 2011)............................................................................25

*Palmer v. Illinois Farmers Ins. Co.*,
  666 F.3d 1081 (8th Cir. 2012) .........................................................................31

*Plotkin v. IP Axess, Inc.*,
  407 F.3d 690 (5th Cir. 2005) ...........................................................................20

*Powell v. BAC Home Loans Servicing, LP*,
  2011 WL 5837250 (E.D. Tex. Nov. 21, 2011) .................................................10

*Preston Gate, LP v. Bukaty*,
  248 S.W.3d 892 (Tex. App. – Dallas 2008, no pet.).........................................15

*Redwood Resort Props., LLC v. Holmes Co.*,
  2006 WL 3531422 (N.D. Tex. Nov. 27, 2006)..................................................30

*Richardson v. CitiMortgage, Inc.*,
  2010 WL 4818556 (E.D. Tex. Nov. 22, 2010) ...............................................6, 12

*Robeson v. Mortg. Elec. Registration Sys., Inc.*,
  2012 WL 42965 (Tex. App. – Fort Worth Jan. 5, 2012, no pet.) .....................2, 10

*Rubinstein v. Collins*,
  20 F.3d 160 (5th Cir. 1994) .............................................................................28

*Salmeron v. CitiMortgage, Inc.*,
  No. 3:11-CV-1398-M-BK, slip op. at 3-5 (N.D. Tex. Feb. 3, 2012) (Exhibit 8) .............12, 13

*Salvagio v. Madison Realty Capital, L.P.*,
   No. H-11-2183, 2011 WL 2559371 (S.D. Tex. June 27, 2011)..............................27

*Santarose v. Aurora Bank FSB*,
   2010 WL 2232819 (S.D. Tex. June 2, 2010) ..................................................2, 6, 13

*Scritchfield v. Mutual of Omaha Ins. Co.*,
   341 F.Supp.2d 675 (E.D.Tex.2004) .........................................................................36

*Shin v. Sharif*,
   2009 WL 1565028 (Tex. App. – Fort Worth June 4, 2009, no pet.) ......................33

*Smith v. Fed. Nat'l Mortg. Assoc.*,
   No. 3:11-cv-02032-F, slip op. at *3 (N.D. Tex. Sept. 30, 2011) (Exhibit 9).........12

*Spositi v. Fed. Nat'l Mortg. Ass'n*,
   2011 WL 5977319 (E.D. Tex. Nov. 3, 2011) ..........................................................10

*State v. Jackson*,
   849 S.W.2d 444 (Tex. App. – San Antonio 1993, no pet.)......................................13

*Swanson v. EMC Mortg. Corp.*,
   2009 WL 3627925 (E.D.Cal. Oct. 29, 2009) ..........................................................14

*Swim v. Bank of America, N.A.*,
   2012 WL 170758 (N.D. Tex. Jan. 20, 2012) .....................................................12, 13

*Tetra Techs., Inc. v. Kan. City S. Ry. Co.*,
   122 Fed. Appx. 90 (5th Cir. 2005).........................................................................33

*Tex. Dep't of Transp. v. City of Sunset Valley*,
   146 S.W.3d 637 (Tex. 2004).............................................................................28, 29

*Texas Carpenters Health Benefit Fund, IBEW-NECA v. Philip M*,
   21 F. Supp. 2d 664 (E.D. Tex. Aug. 31, 1998) ......................................................34

*Thornton v. Rains*,
   299 S.W.2d 287 (Tex. 1957).................................................................................3, 23

*Tilton v. Marshall*,
   925 S.W.2d 672 (Tex. 1996)...................................................................................37

*Torch, Inc. v. LeBlanc*,
   947 F.2d 193 (5th Cir.1991) ...................................................................................36

*Trent v. Mortg. Elec. Registration Sys., Inc.*,
   288 F. App'x 571 (11th Cir. 2008) .........................................................................14

*TSBA, Inc. v. Perkins Ins. Agencies, LLP*,
  2011 WL 1196035 (Tex. App. – Eastland Mar. 31, 2011, pet. denied)..................................33

*UMLIC VP LLC v. T & M Sales & Envtl Sys., Inc.*,
  176 S.W.3d 595 (Tex. App. – Corpus Christi 2005, pet. denied)............................................37

*Universal Acupuncture Pain Servs., P.C. v. State Farm Mut. Auto. Ins. Co.*,
  196 F. Supp. 2d 378 (S.D.N.Y. 2002).....................................................................................31

*Valdez v. Fed. Home Loan Mortg. Corp.*,
  2011 WL 7068386 (N.D. Tex. Nov. 28, 2011)..............................................................10, 13

*VendEver LLC v. Intermatic Mfg.*,
  2011 WL 4346324 (N.D. Tex. Sept. 16, 2011)......................................................................37

*Walker & Assocs. Surveying v. Roberts*,
  306 S.W.3d 839 (Tex. App. – Texarkana 2010, no pet.)..........................................15, 16, 17

*Walker v. Cotter Props., Inc.*,
  181 S.W.3d 895 (Tex. App. – Dallas 2006, no pet.)...............................................................30

*Whittington v. Whittington*,
  853 S.W.2d 193 (Tex.App.–Beaumont 1993) .......................................................................12

*Wigginton v. Bank of New York Mellon*,
  2011 WL 2669071 (N.D. Tex. July 7, 2011)..................................................................12, 13

*Williams v. Bank of New York Mellon*,
  2010 WL 3929007 (N.D. Tex. Oct. 7, 2010)..........................................................................13

*Williams v. Bank of New York Mellon Trust Co., N.A.*,
  2012 WL 1425127 (S.D. Tex. Apr. 24, 2012) ..................................................................2, 12

*Wilton v. Seven Falls Co.*,
  515 U.S. 277 (1995).................................................................................................................36

*Woodward v. Liberty Mut. Ins. Co.*,
  2009 WL 1904840 (N.D. Tex. July 2, 2009) .........................................................................37

*Xtria LLC v. Tracking Sys., Inc.*,
  No. 3:07–CV–0160–D, 2007 WL 1791252 (N. D. Tex. June 21, 2007)................................36

*Zapata Corp. v. Zapata Gulf Marine Corp.*,
  986 S.W.2d 785 (Tex. App. – Houston [1st Dist.] 1999, no pet.) ....................................32, 33

## STATUTES

Tex. Civ. Prac. & Rem. Code § 12.002 ............................................................................... passim

Tex. Civ. Prac. & Rem. Code § 12.003(a) ............................................................................19

Tex. Gov't Code § 51.901.................................................................................34, 35, 36

Tex. Gov't Code § 51.903 ..............................................................................................35

Tex. Loc. Gov't Code §§ 118.001 *et seq.* .......................................................................28

Tex. Loc. Gov't Code § 118.002 ....................................................................................21

Tex. Loc. Gov't Code § 118.011(a) ................................................................................21

Tex. Loc. Gov't Code § 118.0113(a) ................................................................................5

Tex. Loc. Gov't Code §§ 191.001-009, 192.001-007, 193.001-013, 195.001-009 .....................28

Tex. Loc. Gov't Code § 192.007 .......................................................................... passim

Tex. Prop. Code § 11.004(a)(1) .......................................................................................5

Tex. Prop. Code § 12.002(b)...........................................................................................25

Tex. Prop. Code § 51.001 .................................................................................2, 8, 9, 10

## Other Authorities

Fed. R. Civ. P. 9(b) ........................................................................................................20

G. Tommy Bastian, *One Year Later: The New Foreclosure Requirements* ...................................9

Michael Holmes, *Texas Group Accused of 'Paper Terrorism'*, L.A. Times, Feb. 2,
    1997...............................................................................................................18

Peggy Fikac, *False Liens Would be a Crime Under Legislation*, Associated Press,
    Feb. 18, 1997,...............................................................................................18

Texas Attorney General, *Wiping Out Fraudulent Liens,* Sept. 1, 2005..........................................18

Tex. Const. § 3 ...............................................................................................................21

## INTRODUCTION

Plaintiff Nueces County Texas filed this lawsuit alleging that defendants Bank of America, N.A. ("BANA"), MERSCORP Holdings, Inc., and Mortgage Electronic Registration Systems. Inc. (collectively, the "MERS Parties") violated Texas law with respect to loans registered on the MERS® System.  Eight other courts have dismissed similar cases to this one, including a Florida case making virtually identical claims.[1]  And the central causes of action in this case were dismissed by the federal court for ther Northern District of Texas, handling a broader but similar case that this lawsuit is patterned on.[2]  Because this lawsuit is incompatible with Texas law and otherwise does not state a claim, the Court should dismiss it with prejudice.

At issue are mortgage loan security instruments—mainly deeds of trust, but also mortgages—in which lenders and borrowers agreed that Mortgage Electronic Registration Systems, Inc. ("MERS") would serve as mortgagee (on mortgages) or beneficiary (on deeds of trust) as nominee for the lender and successor holders of the underlying promissory note.[3]  The designation enables MERS to continue serving as mortgagee or beneficiary when a promissory note is sold without creating or recording assignments of the security instrument—which avoids

---

[1] *Fuller v. Mortg. Elec. Registration Sys., Inc.*, slip op., No. 3:11-cv-J-20MCR (M.D. Fla. June 27, 2012) (Exhibit 1 hereto); *Bates v. Mortgage Elec. Registration Sys., Inc.*, 2011 WL 1304486 and 2011 WL 1582945 (D. Nev. Mar. 30 & Apr. 25, 2011), *appeal docketed*, No. 11-16310; *Christian County Clerk v. Mortgage Elec. Registration Sys., Inc.*, 2012 WL 566807 (W.D. Ky. Feb. 21, 2012); *Bates v. Mortgage Elec. Registration Sys., Inc.,* No. 10-10 (Tn. Ch. Ct. Apr. 4, 2012) (Exhibit 2); *Bates v. Mortgage Elec. Registration Sys., Inc.*, 2011 WL 892646 (E.D. Cal. Mar. 11, 2011), *appeal docketed*, No. 11-15894; *Bates* v. *Mortgage Elec. Registration Sys.*, No. 2010 CA 002993 (D.C. May 7, 2012) (Exhibit 3); *Bates* v. *Am. Lending Alliance*, No. 10-1-0160-01 (Haw. Mar. 12, 2012) (Exhibit 4); *Bates v. Mortgage Elec. Registration Sys.*, No. 49D12-0911-CT-051734 (Ind. June 22, 2012) (Exhibit 5).

[2] *See* Transcript of Hearing, *Dallas County v. MERSCORP, Inc.*, No. 3:11-2733 (N.D. Tex. May 23, 2012) (attached hereto as Exhibit 6).

unnecessary errors and delays, and, by easing burdens on loan sales, promotes the freeing up of capital for financial institutions to lend to others. MERS has been a party to security instruments for almost fifteen years.  As discussed below, and unsurprisingly given the obvious advantages of the MERS System, the Texas Legislature has explicitly approved of MERS' appearance as mortgagee or beneficiary in mortgages and deeds of trust recorded in county land records.

This lawsuit frames several causes of action.  Plaintiff Nueces County (the "County") contends that security instruments designating MERS as beneficiary (referred to herein as "MERS Deeds of Trust") are fraudulent documents because MERS is not a "beneficiary."  This, the County claims, means BANA has filed false liens and is liable under Tex. Civ. Prac. & Rem. Code § 12.002. The claim must be dismissed.  It cannot be the case that MERS Deeds of Trust are fraudulent liens when the Texas Legislature passed a statute ***expressly*** allowing MERS to serve in the role it does.[4] Texas courts have routinely applied the statute to reject the exact argument Plaintiff makes here.[5]  In fact, this Court just recently held that MERS operates "as a mortgagee . . . as defined by Chapter 51 of the Texas Property Code" and that "a qualified

---

[3] Since deeds of trust are the predominant form of security instrument in Texas, and Plaintiff's allegations are framed in terms of deeds of trust, this brief primarily refers to deeds of trust, but the arguments apply equally when MERS is mortgagee under a mortgage.

[4] Tex. Prop. Code § 51.001.

[5] *Malikyar v. BAC Home Loans Servicing, LP*, 2011 WL 5837262, at *4 (E.D. Tex. Oct. 28, 2011), *adopted* 2011 WL 5920888 (E.D. Tex. Nov. 21, 2011); *McCarthy v. Bank of America, N.A.*, 2011 WL 6754064, at *4 (N.D. Tex. Dec. 22, 2011); *Williams v. Bank of New York Mellon Trust Co., N.A.*, 2012 WL 1425127, at *2 (S.D. Tex. Apr. 24, 2012); *Hornbuckle v. Countrywide Home Loans, Inc.*, 2011 WL 1901975, at *4 (Tex. App. – Fort Worth May 19, 2011, no pet.); *Santarose v. Aurora Bank FSB*, , 2010 WL 2232819, at *1 (S.D. Tex. June 2, 2010); *Athey v. Mortg. Elec. Registration Sys., Inc.*, 314 S.W.3d 161, 166 (Tex. App. – Eastland 2010, pet. denied); *Robeson v. Mortg. Elec. Registration Sys., Inc*., 2012 WL 42965, at *5 n.5 (Tex. App. – Fort Worth Jan. 5, 2012, no pet.); *McAllister v. BAC Home Loans Servicing, LP*, 2011 WL 2200672, at *5 (E.D. Tex. Apr. 28, 2011).

mortgagee is not required to also own or hold the note that is associated with a deed of trust" in Texas.[6]

The County's other main claim is that BANA must file assignments of deeds of trust when note or loan interests are assigned, and so it is liable under a particular recording statute.[7] But the County has no private right of action to seek damages or enforce this law as a civil plaintiff.  Moreover, the contention that anyone has a duty to file (or use) the land recording system is meritless because the Texas land recording statutes are entirely permissive in nature. Texas law does not impose any mandatory requirements that security instruments or the assignment of security instruments must be filed.[8]

The Northern District Court dismissed the identical "fraudulent lien" and "duty to record" causes of action in this case filed by three other Texas counties.[9]  Its ruling as to the Tex. Civ. Prac. & Rem. Code § 12.002 claims for relief was that the counties here had failed to plead either intent or injury due to the supposed falsity, since, as here, the only alleged loss implicated is the loss of fee revenue.  The District Court threw out the Tex. Loc. Gov't Code § 192.007 cause of action because there is no private right of action under the statute.  These bases for dismissal and the court's disposition both support dismissal.[10]

The Complaint, and the additional causes of action, suffer from other defects also requiring dismissal, including that the County has suffered no injury—and thus lacks standing—

---

[6] *Hazzard v. Bank of America, NA*, 2012 WL 232912, at * 2 (S.D. Tex. June 19, 2012).

[7] Tex. Loc. Gov't Code § 192.007.

[8] *Thornton v. Rains*, 299 S.W.2d 287, 288 (Tex. 1957); *Denson*, 728 S.W.2d at 877; *McCracken*, 221 S.W. at 338; *In re Harwood*, 404 B.R. 366, 400 (Bankr. E.D. Tex. 2009) *Ojeda De Toca v. Wise*, 748 S.W.2d 449, 450-51 (Tex. 1988); *Corpus v. Arriaga*, 294 S.W.3d 629, 635 (Tex. App. – Houston [1st Dist.] 2009, no pet.).

[9] Transcript of Hearing, *Dallas County v. MERSCORP, Inc.*, No. 3:11-2733 (N.D. Tex. May 23, 2012) (attached hereto as Exhibit 6).

from nonpayment of recording fees for documents that were never recorded.  For all the reasons

put forth below, the Complaint should be dismissed.

In addition, BANA separately addresses each of Plaintiff's causes of action,

demonstrating that each fails to state a cognizable claim for relief for multiple reasons.  Indeed,

Judge O'Connor of the Northern District dismissed many of the same causes actions which

Plaintiff asserts here, in a virtually-identical suit

## BACKGROUND

### I.    THE COMPLAINT.

Plaintiff commenced this action on April 30, 2012, by filing an "Original Complaint, Jury

Demand, And Application For Injunctive Relief" ("Complaint"). The Complaint alleges that

Defendants owe damages for recording allegedly "false liens"—"which falsely represent that

MERS has an interest in real property"—and for failing to record deed of trust assignments when

transferring promissory notes that evidence loans.  Complaint ¶¶ 32-44.  The County also seeks

damages for unjust enrichment and conspiracy (*id.* ¶¶ 45-48, 55), as well as declaratory and

injunctive relief requiring Defendants to record mortgage assignments (and paying the recording

fees) for every transfer of a loan and to cease recording deeds naming MERS as a beneficiary.

*Id.* ¶¶ 49-53.

The County is not a party to the documents, and so presumably is unaffected by the

alleged falsity in the deeds of trust it recorded. Complaint ¶¶ 26-27 & n.11.  The County does

claim it is affected by deed of trust assignments it contends *should* have been recorded—but

solely because the alleged failure to record those documents "caused a reduction in revenue that

Plaintiff would have collected."  *Id.* ¶ 33.  These allegations of injury are surprising because

---

[10] *Id.* at 76-79.

Texas courts have long recognized that the role of county clerks is "ministerial."[11]  The clerk's duty is to record "within a reasonable time after delivery, any instrument authorized or required to be recorded in that clerk's office that is proved, acknowledged, or sworn to according to law."[12]  The clerk is entitled to a fee, set by statute, only "for filing and recording" real property records.[13]  So, when a document was <u>not</u> recorded, the ministerial functions of the office were not called upon and no fee could be due in any event.

## II.    HOW MERS WORKS.

An understanding of MERS and the MERS System is helpful to explaining—and debunking—the County's thesis and claims, for the use of MERS in deeds of trust is what triggers the claims.  When a mortgage lender loans money to a home buyer, two separate but related documents are obtained from the borrower: a promissory note and a security instrument (mortgage or deed of trust).  The promissory note is a negotiable instrument under Article 3 of the Uniform Commercial Code that sets forth the terms of the borrower's promise to repay the loan.[14]  As a negotiable instrument, the promissory note (and, thus, the beneficial ownership interest in it) is frequently bought and sold.[15]  The mortgage or deed of trust, as distinguished from the note, is a contract to establish a lien on the property that secures repayment of the

---

[11] *First Nat'l Bank v. McElroy*, 112 S.W. 801, 804 (Tex. Civ. App. 1908); *Morgan v. Chandler*, 906 S.W.2d 584, 587 (Tex. App.–Amarillo 1995, writ denied) (Quinn, J., concurring); *accord Brockenborough v. Melton*, 55 Tex. 493, 1881 WL 9806, at *4 (1881) (clerk's role is "the mere mechanical duty of recording an instrument").

[12] Tex. Prop. Code § 11.004(a)(1).

[13] Tex. Loc. Gov't Code § 118.0113(a).

[14] *See In re MERSCORP, Inc. RESPA Litig.*, 2008 U.S. Dist. LEXIS 40473, at *13 (S.D. Tex. May 16, 2008).

[15] *Id.*

loan.[16]  "Under the MERS® System, at the origination of a residential loan, the lender takes

possession of a promissory note and the borrower and lender agree to designate MERS as the

beneficiary under a deed of trust."[17]

Pursuant to the terms of a deed of trust that designates MERS as the beneficiary, as the

nominee for (or agent of), the lender and any of the lender's successors and assigns, MERS holds

the legal title to the secured interests and is often designated as the lienholder of record.[18]  The

borrower contractually agrees in the deed of trust that MERS, as the nominee of the lender, will

serve as beneficiary,[19] and as such, MERS is authorized to exercise the power of sale and other

rights of a party or the entity for whom it is nominee.[20]

When the note or other loan interest is sold, the sales are tracked electronically on the

MERS® System database.[21]  As long as the sale involves MERSCORP members, MERS

remains the named beneficiary, and continues to act as the mortgagee or beneficiary, as the

nominee for the new beneficial owner of the note or interest (and MERSCORP member).[22]  The

---

[16] *Cooper v. Cochran*, 288 S.W.3d 522, 537-38 (Tex. App. –Dallas 2009, no pet.) (mortgage is a contract); *Defranceschi v. Wells Fargo Bank, N.A.*, 2011 WL 3875338, at *4 (N.D. Tex. Aug. 31, 2011) ("Under Texas law, a deed of trust is a mortgage with a power to sell on default. A mortgage created by a deed of trust is an interest created by a written instrument providing security for payment.").

[17] *In re MERS Litig.*, MDL Docket No. 09-21119-JAT, 2011 WL 4550189, at *3 (D. Ariz. Oct. 3, 2011).

[18] *In re MERSCORP, Inc. RESPA Litig.*, 2008 U.S. Dist. LEXIS 40473, at *17 (MERS is the "mortgagee").

[19] The standard form deed of trust provides: "The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS."  *Richardson v. CitiMortgage, Inc.*, 2010 WL 4818556, at *1 (E.D. Tex. Nov. 22, 2010); *see also, e.g.*, Complaint, Ex. 1 at 2.

[20] *See, e.g.*, *Santarose v. Aurora Bank FSB*, 2010 WL 2232819, at *5 (S.D. Tex. June 2, 2010) ("By the plain language of the Deed of Trust, MERS had the right to foreclose the property.").

[21] *In re MERSCORP, Inc. RESPA Litig.*, 2008 U.S. Dist. LEXIS 40473, at *17.

[22] *Id.* at *18.

seller of the note does not and need not execute a formal assignment of the deed of trust, because MERS remains the beneficiary, as the nominee for the purchaser of the note or interest, who is then the lender's successor and assign.[23]  This relationship is memorialized in the security instrument to which the borrower signs and is a party, as well as by the MERSCORP membership agreements.[24]

MERS has been a feature of residential mortgage lending since the late 1990s.[25]  As such, the very documents the County claims are fraudulent and the practices of which the County complaints have been extand for almost fifteen years.  There is no explanation in the complaint for why the County waited so long to sue.

**<u>ARGUMENT</u>**

## I.   THE COUNTY FAILS TO STATE A CLAIM UNDER TEX. CIV. PRAC. & REM. CODE § 12.002 FOR FILING A FALSE LIEN

The county alleges that BANA has purportedly made false statements, and so are liable under violation of Tex. Civ. Prac. & Rem. Code § 12.002 for identifying MERS as the mortgagee or beneficiary on mortgages or deeds of trust (Complaint ¶¶ 27-29 & 32).  The law of the state of Texas rejects this theory, and the claim fails for a number of other reasons.  The Court should accordingly dismiss the claim in its entirety, as Judge O'Connor did in the *Dallas County* lawsuit.

---

[23] *Id.*

[24] The MERS membership agreement, and rules and procedures for MERS which contain the contractual agreements between MERS and the lenders or servicers, are available on the MERS website at www.mersinc.org.

[25] R.K. Arnold, *Yes, There Is Life on MERS*, 11 PROB. & PROP. 33, 33 (1997).

**A.    By Statute, Texas Permits MERS To Serve As Record Beneficiary.**

The County's suggestion that the deeds of trust designating MERS as beneficiary are

false, because MERS has no beneficial interest and so cannot be a beneficiary, runs headlong

into the facts that: Texas statutes permit MERS to be designated as a beneficiary; an avalanche of

case law recognizes that MERS has and can exercise all rights of any named beneficiary; and the

parties' decision to name MERS as beneficiary means there is no misstatement.  Each of the

causes of action that are based on a fraud theory of recovery therefore fail to state a claim.

Complaint ¶¶ 34-38, 42, 49-50, 52-54.

### 1.    Under Texas Law, MERS Is The Statutory Mortgagee.

The Court should reject the claim that MERS deeds are false because the Texas

Legislature has expressly approved use of loan registry systems such as MERS.  It cannot be the

case that all MERS Deeds of Trust are "false liens—potentially subjecting those who record

them to statutory liability—at the same time as the Legislature approves of the use of MERS in

loan documents.

Chapter 51 of the Texas Property Code is titled "Provisions Generally Applicable to

Liens."  It defines a "book entry system," as --

> a national book entry system for registering a beneficial interest in a security
> instrument that acts as a nominee for the grantee, beneficiary, owner, or holder of
> the security instrument and its successors and assigns.[26]

By statute, a book entry system can be a mortgagee, as can the holder of a security

instrument, a beneficiary, or an assignee of the security instrument.[27]  Plaintiff's Complaint

shows that MERS fits the statutory definition of "book entry system" perfectly:  it acknowledges

that MERS is a national system in which a lender registers its beneficial interest in a security

---

[26] Tex. Prop. Code § 51.0001(1).

instrument while naming MERS to act as nominee for the lender and its successors and assigns.[28]
Indeed, the Texas Court of Appeals has stated that "MERS is a recognized 'book entry
system.'"[29]

 The Texas Legislature passed section 51.001 *precisely* to codify MERS's role as
mortgagee.  The statute was passed shortly after MERS began operations.  One commentator
noted at the time that the Legislature's reference to "book entry system" "would be better
understood as the 'Mortgage Electronic Registration System, Inc.,' or 'MERS'" and that "the
new definition section in Tex. Prop. Code § 51.0001(1) now recognizes MERS."[30]  Another
explained that MERS is the *only* entity that meets the definition in the Texas Code.[31]

 As a result of the current financial situation, many courts in Texas have considered the
role of MERS as a named beneficiary on a deed of trust.  They have held—unanimously—that
MERS is a "book entry system" under section 51.0001(1), and thus properly must be recognized
as a valid "beneficiary" or "mortgagee" under State law.  As Magistrate Judge Mazzant of the
Eastern District recently stated:

> MERS is a mortgagee under the Texas Property Code.  *See* Tex. Prop. Code Ann.
> § 51.0001(4).  Since the Deed of Trust identifies MERS as the beneficiary and the
> nominee for the original lender and its successors and assigns, this makes MERS

---

[27] Tex. Prop. Code § 51.0001(4).

[28] Complaint ¶ 20.

[29] *Campbell v. Mortgage Electronic Registration Systems, Inc.*, 2012 WL 1839357, at *4 (Tex.
App.—Austin May 18, 2012).

[30] G. Tommy Bastian, *One Year Later: The New Foreclosure Requirements*, Texas Land Title
Institute (Dec. 3, 2004) at 13, 36 (attached as Exhibit 7).

[31] 15 Tex. Prac., Texas Foreclosure Law & Prac. § 19.05 (2011) ("[S]tatutory drafting rules
prevent private entities like MERS from being specifically identified by name in Texas statutes.
However, the defined term 'book entry system' in Tex. Prop. Code § 51.0001(1) means MERS
because it is the only 'national book entry system for registering a beneficial interest in a security
instrument that acts as a nominee for the grantee, beneficiary, owner, or holder of the security
instrument and its successors and assigns' . . . That utility is MERS and MERS alone").

a mortgagee under the Texas Property Code regardless of whether MERS was the true owner of the Note.[32]

Multiple other Texas decisions have reached the same conclusion.[33]

The County's contention that designating MERS as beneficiary is a false statement simply cannot stand in the face of the recognition across this State that MERS properly occupies and exercises that role when so designated.  The Texas Legislature expressly granted book entry systems such as MERS authority to serve as a mortgagee and beneficiary under Texas security instruments, and the Legislature was aware that mortgages and deeds of trust are commonly used and commonly recorded, as authorized by Section 12.001 of the Property Code ("[a]n instrument concerning real or personal property may be recorded").  The Complaint's assertion that by doing what the Legislature has authorized, BANA has committed fraud is wholly illogical.  At a minimum, if the theory somehow made any sense before the Property Code was enacted, the

---

[32] Report and Recommendation, *Malikyar v. BAC Home Loans Servicing, LP*, 2011 WL 5837262, at *4 (E.D. Tex. Oct. 28, 2011), *adopted*, 2011 WL 5920888 (E.D. Tex. Nov. 21, 2011).

[33] *Robeson v. Mortg. Elec. Registration Sys., Inc.*, 2012 WL 42965, at *5 n.5 (Tex. App. – Fort Worth Jan. 5, 2012, no pet.) ("MERS is defined in Texas Property Code § 51.0001(1) as a 'book entry system'") (quoting *Richardson v. CitiMortgage, Inc.*, 2010 WL 4818556, at *5 (E.D. Tex. Nov. 22, 2010)); *Powell v. BAC Home Loans Servicing, LP*, 2011 WL 5837250, at *6 (E.D. Tex. Nov. 21, 2011) ("MERS is a mortgagee under the Texas Property Code"); Report and Recommendation, *Spositi v. Fed. Nat'l Mortg. Ass'n*, 2011 WL 5977319, at *4 (E.D. Tex. Nov. 3, 2011) (same), *adopted* 2011 WL 5975824 (E.D. Tex. Nov. 29, 2011); *Cannon v. JPMorgan Chase Bank, N.A.*, 2011 WL 6838615, at *7 (E.D. Tex. Nov. 16, 2011) ("MERS is a mortgagee under the Texas Property Code"); *Hornbuckle v. Countrywide Home Loans, Inc.*, 2011 WL 1901975, at *4 (Tex. App. – Fort Worth May 19, 2011, no pet.) ("A book entry system such as MERS is included within the definition of 'mortgagee' under Texas law"); *McCarthy v. Bank of America, N.A.*, 2011 WL 6754064, at *4 (N.D. Tex. Dec. 22, 2011) ("Under the Property Code, MERS was a mortgagee based on either the definition of a 'book entry system,' … or alternatively, the definition of a 'holder of a security instrument[.]'"); *Valdez v. Fed. Home Loan Mortg. Corp.*, 2011 WL 7068386, at *2 (N.D. Tex. Nov. 28, 2011) ("MERS may properly act as the beneficial holder of a deed of trust").

Code and the caselaw now foreclose it.[34]  The Complaint should be dismissed to the extent it is based on any fraud or misrepresentation theory.

2.     *MERS May Serve As Beneficiary Or Mortgagee Under The Security Instruments Signed By Borrowers.*

Plaintiff's claim that the designation of MERS as a beneficiary or mortgagee is untrue (and so deeds of trust designating MERS as such are false) also fails because the parties to the contracts actually appointed MERS with precisely that capacity and courts have consistently held that MERS is authorized to serve in those roles as a matter of contract law.

Mortgages and deeds of trust are contracts, and, with exceptions not relevant, parties are free to contract as they please.[35]  Whenever MERS is a beneficiary, it is because the parties to the loan—the lender and the borrower—agreed to name MERS as beneficiary, as the lender's nominee.  Plaintiff itself quotes that designation, appearing explicitly in the contract:  "MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns.  MERS is the beneficiary under this Security Instrument."  Complaint ¶ 27.  Similarly, "The beneficiary of this security instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS."  *See, e.g.*, Complaint, Ex. 1 at 2, Ex. 2 at 3, Ex. 3 at 2.  MERS is not only a party to the deed of trust, it has a host of powers under it.  MERS holds and exercises rights in the contract that, among others, a deed of trust beneficiary typically has—the power of sale. Generally, MERS has "the right to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing

---

[34] *AEP Texas North Co. v. SPA Pipe, Inc.*, 2008 WL 5210919, at *6 (Tex. App. – Austin Dec. 12, 2008, pet. dism'd) ("We cannot construe [a statute] in a manner that would so directly undermine the legislature's intent as expressed in the clear language of [that statute].").
[35] *Fairfield Ins. Co. v. Stephens Martin Paving, LP*, 246 S.W.3d 653, 664 (Tex. 2008).

and canceling this Security Instrument." *See, e.g.*, Complaint, Ex. 1 at 3, Ex. 2 at 3, Ex. 3 at 3.[36]

The contention that MERS cannot be a beneficiary, the transaction does not benefit it (Complaint

¶ 28), is a lawyers' theory that blinks reality for MERS is a party, granted powers in the contract.

Nor is there anything wrong with the parties' choice in this regard.  Texas courts have

repeatedly enforced these provisions, holding that MERS may serve as mortgagee or beneficiary

with the powers conferred by the security instrument.[37]  They have long hewed to the related rule

that a deed of trust is a separate obligation than a note, and therefore that a mortgagee or deed of

trust beneficiary may be a person other than the obligee or holder of the debt.[38]  And, Texas

courts have unanimously recognized that it is entirely proper for a lender, who holds the

beneficial interest in a loan, to designate its nominee, MERS, to hold legal title to the security

---

[36] *See also Williams v. Bank of New York Mellon Trust Co., N.A.*, 2012 WL 1425127, at *2 (S.D. Tex. Apr. 24, 2012).

[37] *Athey v. Mortg. Elec. Registration Sys., Inc.*, 314 S.W.3d 161, 166 (Tex. App. – Eastland 2010, pet. denied) (MERS may foreclose because "deed of trust designated MERS as the mortgagee and as [the Lender]'s nominee," even though MERS did not own promissory note secured by the deed of trust); *Salmeron v. CitiMortgage, Inc.*, No. 3:11-CV-1398-M-BK, slip op. at 3-5 (N.D. Tex. Feb. 3, 2012) (Exhibit 8) (claims based on role of MERS all fail); *Swim v. Bank of America, N.A.*, 2012 WL 170758, at *3 (N.D. Tex. Jan. 20, 2012) ("Under the express language of the New Deed of Trust, MERS is a beneficiary and nominee for both the originating lender and its successors and assigns."); *Helms v. Mortg. Elec. Registration Sys., Inc.*, 2012 WL 43368, at *2 (S.D. Tex. Jan. 9, 2012) ("MERS expressly held all rights of the Lender on the deed of trust"); *Wigginton v. Bank of New York Mellon*, 2011 WL 2669071, at *2 (N.D. Tex. July 7, 2011) ("[T]he deed of trust, on its face, grants MERS a right to foreclose"); *Malikyar*, 2011 WL 5837262, at*3 (dismissing claims "based upon the erroneous theory that MERS could not be the beneficiary on the Deed of Trust"); *Smith v. Fed. Nat'l Mortg. Assoc.*, No. 3:11-cv-02032-F, slip op. at  *3 (N.D. Tex. Sept. 30, 2011) (Exhibit 9) (similar); *Richardson*, 2010 WL 4818556, at *5 ( "Under Texas law, where a deed of trust, as here, expressly provides for MERS to have the power of sale, then MERS has the power of sale.").

[38] *See Carter v. Gray*, 81 S.W.2d 647, 648 (Tex. 1935) ("It is so well settled as not to be controverted that the right to recover a personal judgment for a debt secured by a lien on land and the right to have a foreclosure of lien are severable…"); *Aguero v. Ramirez*, 70 S.W.3d 372, 374 (Tex. App.—Corpus Christi 2002, no pet.) ("Where there is a debt secured by a note, which is, in turn, secured by a lien, the note and lien constitute separate obligations."); *Whittington v. Whittington*, 853 S.W.2d 193, 196 (Tex.App.–Beaumont 1993) (same).

instrument and serve as the mortgagee or beneficiary of record even though it does not hold the note.[39]  The lender's right to appoint MERS as its nominee is consistent with "basic agency law that a principal may expressly authorize his agent to do what the principal himself could do."[40]

In the face of the parties' designation of MERS as beneficiary, the County's argument essentially boils down to the assertion that MERS is a fraudulent party because it has no rights in the portion of the parties' agreement that is reflected in the promissory note.  But the claim ignores the fact that by becoming a party to a deed of trust, MERS was conferred a number of rights by the other parties:  among others, it was granted power of sale and enforcement powers under certain circumstances, it has the rights to notice that apply to any party to a secured instrument, and it has legal title in the instrument.  MERS also is nominee for the lender and for anyone who holds the debt.  Courts have universally concluded that the identification of MERS as the mortgagee or beneficiary, as the lender's nominee, is *not* a misrepresentation or fraud.[41] This Court should draw the same conclusion.

---

[39]  *Swim v. Bank of America, N.A.*, 2012 WL 170758, at *3 (N.D. Tex. Jan. 20, 2012) ("Under the express language of the New Deed of Trust, MERS is a beneficiary and nominee for both the originating lender and its successors and assigns.").  Other cases include: *Valdez*, 2011 WL 706836 at *2; *Defranceschi*, 2011 WL 3875338, at *4; *Wigginton v. Bank of New York Mellon*, 2011 WL 2669071, at *2 (N.D. Tex. July 7, 2011); *Anderson v. CitiMortgage, Inc.*, 2011 WL 1113494, at *4 (E.D. Tex. Mar. 24, 2011); *Eskridge v. Fed. Home Loan Mortg. Corp.*, 2011 WL 2163989, at *5 (W.D. Tex. Feb. 24, 2011); *Williams v. Bank of New York Mellon*, 2010 WL 3929007, at *1 (N.D. Tex. Oct. 7, 2010); *Santarose v. Aurora Bank FSB*, 2010 WL 2232819, at *5 (S.D. Tex. June 2, 2010).

[40]  *State v. Jackson*, 849 S.W.2d 444, 446 (Tex. App. – San Antonio 1993, no pet.)

[41]  *Malikyar*, 2011 WL 5837262, at *4 ( "These attacks have been repeatedly rejected by this Court as well as others.  MERS was the beneficiary under the Deed of Trust as agent for [the lender] and its successors and assigns"); *Salmeron*, slip op. at 3-5 (Exhibit 8) (claims based on role of MERS all fail); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040-42 (9th Cir. 2011) (affirming dismissal of fraud claim based on status of MERS as beneficiary); *In re Mortg. Elec. Registration Sys. (MERS) Litig.*, 2011 WL 251453, at *8 (D. Ariz. Jan. 25, 2011) ("The MERS system is not fraudulent, and MERS has not committed any fraud."); *In re Mortg. Elec. Registration Sys. (MERS) Litig.*, 744 F. Supp. 2d 1018, 1029 (D. Ariz. 2010) (same);

In sum, the Texas Code, the tide of cases issued by Texas courts, and basic contract law principles reject Plaintiff's notion that BANA "falsely" represents MERS' role (Complaint ¶ 29) by identifying MERS as the mortgagee or beneficiary on MERS mortgages or deeds of trust. The theory of liability that the deed of trust is a false lien under Section 12.002 is entirely baseless.[42]

### B.     The Complaint Otherwise Fails to State a Claim for Violation of Section 12.002.

Apart from the element of falsity, a claim lies under Tex. Civ. Prac. & Rem. Code § 12.002 only if a defendant "(1) made, presented, or used a document with knowledge that it was a fraudulent lien; (2) intended the document be given legal effect; and (3) intended to cause

---

*Swanson v. EMC Mortg. Corp.*, 2009 WL 3627925, at *10 (E.D.Cal. Oct. 29, 2009) ("MERS demonstrates that it is a qualified [deed of trust] beneficiary to defeat a fraud claim to the effect it is not."); *McGinnis v. GMAC Mortg. Corp.*, 2010 WL 3418204, at * 3 (D. Utah August 27, 2010) (dismissing fraud claim based on identification of MERS as beneficiary).

[42] Courts across the country are aligned with Texas on this issue.  *See, e.g.*, *Cervantes*, 656 F.3d at 1041-43 (affirming dismissal of fraud claim based on designation of MERS as beneficiary because deeds clearly specify that MERS is a nominee of lender and plaintiffs also failed to alleged reliance or injury); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272-73 (2011) (MERS may serve as beneficiary under deed of trust as nominee for lender); *Trent v. Mortg. Elec. Registration Sys., Inc.*, 288 F. App'x 571, 572 (11th Cir. 2008) ("Under the contracts, [MERS] "is the mortgagee."); *Dancy v. Aurora Loan Servs.*, LLC, 2010 U.S. Dist. LEXIS 116513, at *9-10 (N.D. Cal. Nov. 1, 2010) ("[W]hether or not MERS owned the note or was entitled to any payments thereunder does not obviate the fact that the Deed of Trust designated MERS as a beneficiary."); *Maxa v. Countrywide Loans, Inc.*, 2010 WL 2836958, at *6 (D. Ariz. July 19, 2010) (finding no authority requiring "a beneficiary under the Deed of Trust to be the owner and holder of the Note or that holds MERS cannot be named as a nominal beneficiary under a deed of trust"); *Birkland v. Silver State Fin. Servs.*, 2010 WL 3419372, at *4 (D. Nev. Aug. 25, 2010) ("[B]y signing the deeds of trust designating MERS as nominee for the lender and beneficiary, Plaintiff designated MERS as nominee, beneficiary, and a proper party to administer the deed of trust."); *Fowler v. ReconTrust Co., N.A.*, 2011 WL 839863, at *2 (D. Utah Mar. 10, 2011) ("Under the terms of the Trust Deed at issue here, which Plaintiffs signed, MERS was appointed as the beneficiary and nominee for the Lender and its successors and assigns and granted the power to act in their stead."); *Nicholson v. OneWest Bank*, 2010 WL 2732325, at *4 (N.D. Ga. April 20, 2010) ("the nominee of the lender has the ability to foreclose on a debtor's

[Plaintiff] financial injury."[43]   This cause of action fails to state a claim for several additional reasons and should be dismissed.

### 1.   *The Complaint Fails to Allege Intent to Cause Financial Injury.*

The Court should dismiss the false lien claim because the Complaint does not allege any intent to cause financial injury.  Intent to cause financial injury is not "self-evident"; in the absence of such allegations, a false lien claim must be dismissed.[44]

Here, the Complaint alleges only that BANA "intended by such conduct to financially injure Plaintiff by avoiding the costs and filing fees associated with filing, registering, or recording subsequent releases, transfers, assignments, or other action relating to such instrument as required by Texas law."  Complaint ¶ 36.  That conclusory allegation does not allege an intent by BANA to cause harm to Plaintiff.[45]   Dismissal is therefore required. Judge O'Connor dismissed a Section 12.002 claim in the *Dallas County* lawsuit based on its finding the counties had failed to allege an intent to cause injury.  Exhibit 6 at 76-77.  As here, the counties there alleged that they had been harmed by losses in recording fees for unrecorded assignments.  *Id.* The Court found that MERS's appearance on the deeds of trust, even if "false," does not standing alone show an intent to cause injury because there can be no injury of the type alleged.  *Id.* at 77 ("the County . . . has not suffered injury until someone records a document and the failure to file something does not trigger injury on behalf of the County").  The same result is required here.

---

property even if such nominee does not have a beneficial interest in the note secured by the mortgage.").

[43] *Walker & Assocs. Surveying v. Roberts*, 306 S.W.3d 839, 848 (Tex. App. – Texarkana 2010, no pet.) (citing Tex. Civ. Prac. & Rem. Code § 12.002(a)).

[44] *Preston Gate, LP v. Bukaty*, 248 S.W.3d 892, 897 (Tex. App. – Dallas 2008, no pet.).

[45] *Avalon Residential Care Homes, Inc. v. City of Dallas*, 2011 WL 4359940, at *4 (N.D. Tex. Sept. 19, 2011).

Furter, intent to cause harm could not be plausibly alleged in any event, because no duty exists to record assignments of loans under Texas law.  BANA cannot have acted with intent to injure the County by doing something that Texas law expressly allowed it to do.

### 2.    *MERS Security Instruments Are Not Fraudulent Liens.*

Plaintiff's claim also should be dismissed because a MERS mortgage or deed of trust is not a "fraudulent lien or claim against real or personal property."  Tex. Civ. Prac. & Rem. Code § 12.002(a)(1).  Although not defined in the statute, "fraudulent" generally refers to "a knowing misrepresentation of the truth or concealment of a material fact to induce another to act to his or her detriment."[46]  This element is not met for three independent reasons.  First, as explained in Part IA above, there is nothing false or fraudulent about designating MERS as the beneficiary. Under Texas law, and under all the Texas case law cited above, MERS is a valid mortgagee or beneficiary, and MERS mortgages and deeds of trust are valid.  And a valid mortgage cannot, under the plain terms of the statute, form the basis of a fraudulent lien claim.  *See* Tex. Civ. Prac. & Rem. Code § 12.002(a)(2); *Casstevens v. Smith*, 269 S.W.3d 222, 233 (Tex. App. – Texarkana 2008, pet. denied) (rejecting Section 12.002 claim where defendant had a valid claim against real property).[47]  Indeed, a claim virtually identical to the County's, in which a debtor alleged that a

---

[46] *Walker*, 306 S.W.3d at 849.

[47] The County complains in passing that certain deed of trust assignments or releases referred to MERS as the holder of a promissory note (Complaint ¶ 29), but such allegations fail to state a claim for the same reasons that the entire Section 12.002 claim fails, plus additional ones: Section 12.002 is not a general prohibition on false statements made in any recorded document. Instead, it applies only to a fraudulent "lien or claim *against real or personal property*."  Tex. Civ. Prac. & Rem. Code §§ 12.2002(a)(1) & (2)(emphasis added).  Assignments and releases are not liens against property, however:  an assignment transfers interests in an existing lien from one party to another (*MG Bldg. Materials v. Moses Lopez Custom Homes, Inc.*, 179 S.W.3d 51 (Tex. App. – San Antonio 2005, pet. denied)); a release is notice that a lien was *extinguished*. No claim is stated.  *Garcia v. Bank of N.Y. Mellon*, 2012 WL 692099, at *3 (N.D. Tex. Mar. 5, 2012) (dismissing section 12.002 claim; assignment of deed of trust not a lien against property).

MERS deed of trust violated Section 12.002, was rejected, on the grounds that "the Deed of Trust on the subject property," which identified MERS as the beneficiary, was "valid."[48]

Second, claims of fraud relate to statements of fact, not legal disputes or matters of opinion.[49]   Here, however, the County seeks liability based on its belief that MERS may not serve as a beneficiary under a deed of trust.  That allegation concerns a legal dispute, not facts that allegedly were misstated.  Third, a lien cannot be fraudulent if it is consented to by another party or is otherwise valid.[50]   The security instruments that the County complains of were consented to by borrowers when they signed deeds of trust in exchange for receiving loans that they used to acquire property or refinance existing loans.

It is notable that Section 12.002 was passed with a specific purpose in mind that is quite different from the use the County seeks to make of it here:  preventing individuals who did not recognize state government authority from filing "wild deeds" against the property owned by

---

Similarly, the County's assertion that the deeds of trust "contain other untruths" (Complaint ¶ 28) also states no claim because an alleged falsehood does not violate section 12.002 if it does not create a false lien.  Not only do the alleged false statements not create a false lien, but they are not false.  The County's assertions regarding "legal title" are erroneous; by the plain terms of the deeds of trust, MERS holds legal title to "the interests granted by Borrower in this Security Instrument." It is irrelevant that the deed of trust does not transfer all title to the real property.

Additionally, none of the alleged false statements identified in the Complaint are material to the County in any way—its role is simply to record documents presented to it—and so no claim is stated.  *See Walker*, 306 S.W.3d at 849.

[48] *Kiggundu v. Mortg. Elec. Registration Sys.*, 2011 WL 2606359, at *7 (S.D. Tex. June 30, 2011), *aff'd*, 2012 WL 1033378 (5th Cir. Mar. 27, 2012); *see also Murry v. Bank of America, N.A.*, slip op. at 6 (N.D. Tex. June 11, 2012) (attached hereto as Exhibit 10) (rejecting claim under Section 12.002 based on MERS assignment because plaintiff plaintiff "has not 'pleaded facts that establish a plausible claim that . . . the assignment of the deed of trust . . . is a lien as defined by the statute.'").

[49] *GMAC Commercial Mortg. Corp. v. East Tex. Holdings*, 441 F. Supp. 2d 801, 806 (E.D. Tex. 2006).

[50] *Casstevens*, 269 S.W.3d at 233; *Centurion Planning Corp. v. Seabrook Venture II*, 176 S.W.3d 498, 507 (Tex. App. Houston 1st Dist. 2004).

judges and others.[51]   MERS Deeds of Trust, in contrast, are consensual liens and have been filed

in Texas records for almost fifteen years.  The legislature approves of MERS.  The allegation

that this "wild deed" law should be employed as a mechanism to challenge the MERS System

and generate fee revenue for the County should be rejected.

### 3. Plaintiff Is Not An "Injured Person" Because It Suffers No Harm From Non-Recorded Documents.

The Court should also dismiss the false lien claim because Plaintiff is not an "injured

person" as required under Section 12.002(b).  The only injury resulting from the allegedly false

documents is BANA's alleged failure to record subsequent documents.  Complaint ¶ 36.  But

Section 12.002 has nothing to do with costs and fees associated with filing, registering or

recording documents.[52]  A plaintiff "must suffer and prove some cognizable, compensable injury

in fact, of which the violation is a legal and proximate cause," and damages "must be based on

something more than an abstract violation of a statute."[53]  And Plaintiff's rights and obligations

with respect to costs and filing fees are wholly unaffected by a violation of Section 12.002

As shown in Part __ above, the Texas Constitution and the Texas Code forbid counties

from receiving fees for services which they did not perform.  Thus, the failure to record

---

[51]   *See An act relating to the fraudulent exercise of certain governmental functions and the fraudulent creation or use of certain pleadings, governmental documents, and records; providing penalties*, 1997 Acts, 75th Leg., ch. 189, § 16; Peggy Fikac, *False Liens Would be a Crime Under Legislation*, Associated Press, Feb. 18, 1997, *available at* http://www.texnews.com/texas97/liens021897.html (last visited July 26, 2012); Michael Holmes, *Texas Group Accused of 'Paper Terrorism'*, L.A. Times, Feb. 2, 1997, *available at http://articles.latimes.com/1997-02-02/news/mn-24625_1_paper-terrorism* (last visited July 26, 2012); Texas Attorney General, *Wiping Out Fraudulent Liens*, Sept. 1, 2005, *available at* https://www.oag.state.tx.us/alerts/ alerts_view.php?id=114&type=3 (last visited July 26, 2012).

[52] *See Centurion Planning Corp. v. Seabrook Venture II*, 176 S.W.3d 498, 505 (Tex. App. – Houston [1st Dist.] 2004, no pet.); *Medina v. Vanderbilt Mortg. & Fin., Inc.*, 2010 WL 3359541, at *4 (S.D. Tex. Aug. 25, 2010).

[53] *Austin Police Dept. v. Brown*, 96 S.W.3d 588, 601 (Tex. Ct. App. 2002).

assignments could not have injured the County because it never performed any services as to non-recorded assignments for which it could be compensated.  Texas courts have dismissed lawsuits by government bodies in these circumstances (*see* cases cited in Part __), and the same result is required here.[54]

### 4.   The Statute Provides No Right of Action To The County.

The County also fails to state a claim under Section 12.002 because it has no right of action under the statute.  "[T]he plain and common meaning of the words of Chapter 12 reveals that the Legislature intended to provide a civil action for injunctive relief and monetary damages to all persons ***owning an interest in real or personal property*** against which a fraudulent lien is filed."[55]  Thus, "in the case of a fraudulent lien or claim against real or personal property or an interest in real or personal property," the Legislature expressly provides for a cause of action to be brought under Section 12.002, only by "the obligor or debtor, or a person who owns an interest in the real or personal property" against which a fraudulent lien is filed.  Tex. Civ. Prac. & Rem. Code § 12.003(a)(8).  The County cannot proceed under the false lien statute.

The other provisions in section 12.003(a) do not help Plaintiff.  Although the statute permits a county attorney to bring an action,[56] no county attorney is a party to this case.  Nothing in section 12.003 (or elsewhere) allows a county to bring suit to vindicate rights in its own name.

---

[54]     Indeed, Plaintiff seeks *double recovery* in this case.  It requests injunctive relief requiring Defendants to record MERS assignments (Complaint ¶ 53), which would entitle it to fees paid to record the documents – but also seek damages from Defendants for allegedly failing to record the documents (*id.* ¶ 43).  That is impermissible under Texas law.  *Contreras v. Bennett*, 2011 WL 6432807, at *5 (Tex. App. – El Paso Dec. 22, 2011, no pet.).

[55] *Centurion Planning Corp.*, 176 S.W.3d at 505  (emphasis added); *see also Medina*, 2010 WL 3359541, at *4 ("In enacting Section 12.002, the Legislature intended to provide a civil action for injunctive relief and monetary damages to all persons owning an interest in real or personal property against which a fraudulent lien is filed.").

[56] Tex. Civ. Prac. & Rem. Code § 12.003(a)(5).

### 5.    *Plaintiff Fails to Plead its Claims With Particularity*

Finally, Plaintiff's claim fails because to adequately state a claim for fraud, "a party must state with particularity the circumstances constituting fraud or mistake."[57]  In the Fifth Circuit, the Rule 9(b) standard requires "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they were fraudulent."[58] "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out."[59]

The County has completely failed to meet this burden in its Section 12.002 cause of action.  The failing is clear from the sweeping but undetailed allegations, but even more stark after a review of the exhibits to the pleading.  Although cited to support the allegations that BANA filed document containing false statements, the documents which the County attaches do not relate to BANA at all, instead referring to "United Security Financial" (Ex. 1), "Extraco Banks" (Ex. 2, 5), "Decision One Mortgage Co." (Ex. 3), and "Wells Fargo Home Mortgage" (Ex. 4).  Rule 9(b) requires more, providing another basis to dismiss the claim.

## II.    THE COURT SHOULD ALSO DISMISS THE COMPLAINT BECAUSE IT OTHERWISE FAILS TO STATE COGNIZABLE CLAIMS FOR RELIEF.

### A.    <u>The County Lacks Standing to Assert the Other Claims</u>

The Court should dismiss the remaining claims because the County does not, and cannot as a matter of law, plausibly show that it suffered an injury in fact caused by the conduct complained of, and therefore it lacks standing to make the claims asserted in the Complaint for failure to record, unjust enrichment, and certain remedies.

---

[57] Fed. R. Civ. P. 9(b).

[58] *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

[59] *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003).

As to all of its claims other than under Section 12.002, the County attempts to establish an injury by alleging that BANA's "conduct caused a reduction in the revenue that Plaintiff would have collected had Defendants complied with Texas law and recorded all subsequent transfers, assignments, transfers, and other activities related to the original recorded instruments."  Complaint ¶ 33; *accord id.* ¶ 36.  This does not qualify as a cognizable injury sufficient to give the County standing to sue.  It is a basic proposition of Texas law, enshrined in its Constitution, that governmental entities are not entitled to compensation for services never rendered.  Tex. Const. § 3 ("no man, or set of men, is entitled to exclusive separate public emoluments, or privileges, but in consideration of public services").  This stricture is also part of the Texas Local Government Code:  a county, in connection with recording of documents concerning real property, may only collect fees "for services rendered" in connection with recordings.  Tex. Loc. Gov't Code § 118.011(a).[60]  Where, as alleged here, a document was not recorded and no service rendered, a county is forbidden by Texas law from recovering any fee.[61]

Since, under Texas law, the county is forbidden from receiving fees for services not rendered, it cannot plausibly allege that it suffered a cognizable injury in fact as a result of BANA's alleged failure to pay recording fees.  Article III standing requires, inter alia, that the plaintiff suffers a "concrete and particularized" injury, so that it has a legal stake in the case or controversy.[62]  The Court should dismiss the Complaint in its entirety for this reason as well.[63]

---

[60]    *See also* Tex. Loc. Gov't Code § 118.002 ("A fee under this chapter is not payable to a person until a clerk or officer produces or is ready to produce a bill in writing containing the details of the fee to the person who owes the fee").

[61]    *See, e.g., Earnest v. Couch*, 81 S.W.2d 761, 761–62 (Tex. Civ. App. – San Antonio 1935) (affirming dismissal of county tax assessor claims "for the obvious reason . . . that plaintiff did not perform the specific service" at issue; "certainly, not having performed that duty, or actually earned that fee, [plaintiff] was not entitled to payment therefor.  This is elemental").

[62]    *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

- 21 -

Moreover, there is no fashion in which the County could show financial harm from BANA's conduct.  If BANA had a duty to record, the County could not ask to reap the fees without actually doing the recording.  Instead, since a county can only get fees for services rendered, any fees would be awarded only if and when the County actually handled the recordings.  Unless Plaintiff takes the position that it intends to profit from rendering this public service, a judgment will not generate any net money so there is truly no injury here.  Dismissal is required for this reason as well.

**B.**      **The County Fails to State a Claim for Violation of Section 192.007 of the Local Government Code**

The County also sues BANA for damages for its alleged failure to record assignments and other documents.  Its cause of action is brought under Tex. Prop. Code § 192.007 ("Section 192.007"). The claim should be dismissed because there is no private right of action, as Judge O'Connor recently held in dismissing the same claim in the *Dallas County* lawsuit.  Exhibit 6 at p. 78 ("I found that nothing in the statutory language of this section provides a private cause of action for alleged violations").  Rather, the premise that BANA had a duty to create and record deed of trust assignments is simply not the law under Texas's permissive land recording system.

**1.**      ***Texas Law Imposes No Duty To Record Assignments, Or Any Other Loan-Related Documents.***

The County its Section 192.007 claim on the separate that BANA evades an obligation to record "transfers, assignments, transfers, and other activities related to" recorded instruments.  Complaint ¶ 33.  It claims that every time a promissory note is transferred or assigned, BANA is

---

[63]      *See id.*; *Maverick Cnty. Water Control & Improvement District No. 1 v. State*, 456 S.W.2d 204, 207 (Tex. Civ. App. – San Antonio 1970, writ ref'd) (county agency could not assess a fee for services "neither received nor requested"); *Carpenter v. Arroyo-Colorado Nav. Dist. of Cameron & Willacy Contys.* 111 S.W.2d 822, 823 (Tex. Civ. App. – San Antonio 1937)

under some duty to create a parallel assignment of the security instrument and record it. Complaint ¶¶ 36, 39-44, 45-48, 51, 53, 54.

The causes of action based on this theory fail to state a claim because there is no duty to record security instruments under Texas law. Texas land recording statutes are permissive in nature. The Property Code *allows* parties to record interests in land, but does not *require* recording of a mortgage, deed of trust, or an assignment of a mortgage or deed of trust.[64] Texas courts have repeatedly recognized the permissive nature of the land recording system.[65] Even the County acknowledges that creditors are under no requirement to use the land recording system. Complaint ¶ 13.

The permissive nature of Texas's recording statutes is consistent with the purpose of the statutes: protecting intending purchasers and encumbrancers by providing notice of an instrument affecting title to land.[66] To that end, an unrecorded instrument "affecting the title to land" is not "effectual against subsequent purchasers, for a valuable consideration, without notice."[67] A document "affecting the title to land" therefore "*ought* to be recorded, *to make it*

---

(affirming dismissal of county commissioner's claim because he could not recover compensation for service he did not perform).

[64] *See* Tex. Prop. Code § 12.001 ("An instrument concerning real or personal property **may be recorded**"); *id.* § 12.003 ("written evidence of title to land . . . **may be recorded**"); *id.* § 12.004 (foreign deed "**may be recorded**"); *id.* § 12.009 ("A master form of a mortgage or deed of trust **may be recorded**.") (emphasis added).

[65] *See Thornton v. Rains*, 299 S.W.2d 287, 288 (Tex. 1957) ("Of course the recording of a deed is not essential to the conveyance of title"); *McCracken v. Sullivan*, 221 S.W. 336, 338 (Tex. Civ. App. – San Antonio 1920, no writ) ("neither the acknowledgment nor record is necessary to make [a deed] a valid and binding obligation").

[66] *See, e.g., Ojeda De Toca v. Wise*, 748 S.W.2d 449, 450-51 (Tex. 1988) ("[T]he purpose of recording statutes is to protect intending purchasers and encumbrancers"); *Corpus v. Arriaga*, 294 S.W.3d 629, 635 (Tex. App. – Houston [1st Dist.] 2009, no pet.) ("The purpose of recording statutes in Texas is to give notice to all persons of the existence of the instrument.").

[67] *Henderson v. Pilgrim*, 22 Tex. 464, 476 (1858).

- 23 -

*effectual against subsequent purchasers*, for a valuable consideration, without notice."[68] But there is *no requirement* or *duty*, under Texas law, to record even a mortgage or deed of trust, let alone is there a *requirement* or *duty*, as alleged, to record any "releases, assignments, transfers, and other actions relating to" a mortgage or deed of trust, as  confirmed by recent decisions from the Texas Court of Appeals and this Court.[69]

Texas is not unique in having a permissive, not a mandatory, land recording system.  For example, Judge Jones of the District of Nevada described as "legally frivolous" the notion that deed of trust assignments must be recorded under Nevada law, and noted the permissive land recording systems across the United States.[70]  The court explained:

> Recordation of an interest in land simply serves to perfect one's interest in real property by putting the world at large on constructive notice of the claimed interest; but *recordation is not required to validate one's interest. . .  If Defendants do not wish to record assignments of loans or deeds of trust, they need not do so.*  A party may choose to avoid the filing fee and hassle of recording an assignment if it would rather bear the risk that its interest in the property will not be protected from a potential subsequent bona fide purchaser under the applicable recording statute.[71]

The County nevertheless claims that Section 192.007 of the Local Government Code imposes a duty to record assignments or other documents.  Complaint ¶ 12 & n.1.

Section 192.007 provides:

> (a) To release, transfer, assign, or take another action relating to an instrument that is filed, registered, or recorded in the office of the county clerk, a

---

[68] *Id.* (emphasis added).

[69] *Campbell v. Mortgage Electronic Registration Systems, Inc.*, 2012 WL 1839357, at *4 (Tex. App.—Austin May 18, 2012) (rejecting contention that assignment of deed of trust naming MERS as beneficiary had to be recorded when promissory note was transferred); *Bittinger v. Wells Fargo, N. A.*, 744 F. Supp. 2d 619, 625 (S.D. Tex. 2010) ("Under Texas law, there is no requirement that the deed of trust assignment be recorded.")

[70] *Bates v. MERS*, 2011 WL 1304486, at *3 (D. Nev. Mar. 30, 2011).

[71] *Id.* (emphasis added).  Judge Jones later dismissed the lawsuit.  *Nevada ex rel. Bates v. Mortg. Elec. Registration Sys., Inc.*, 2011 WL 1582945, at *6 (D. Nev. Apr. 25, 2011).

person must file, register, or record another instrument relating to the action *in the same manner as the original instrument was required* to be filed, registered, or recorded.

       (b) An entry, including a marginal entry, may not be made on a previously made record or index to indicate the new action.[72]

By "its plain meaning and context,"[73] section 192.007 does not require recorded assignments of loans registered on the MERS® System, or any other loans. The plain purpose of the statute is to direct the "manner" in which assignments and other documents relating to an instrument that is filed are to be recorded: when the recording statues mandate a particular method for recording a document, subsequent filings which are made relating to the original document must follow the same manner.

The provision, which is part of a larger body of administrative directives to County clerks as to how to maintain a wide variety of county records, is intended to make sure that, for those few types of records that have peculiar requirements as to the manner of recording, all subsequent releases, transfers, assignments, or other "action[s]" must be recorded "in the same manner as the original was required" to be recorded. The Property Code has a number of instances where a party is directed to record a document in a specific way, and no other. Thus, the Code requires that --

- a party may record a subdivision plat only if it "has attached to it the documents required by" the Local Government Code.[74]

- a copy of written evidence of title to land filed in the General Land office may be recorded only if "certified by the officer having custody of the original."[75]

- if written evidence of title was filed outside county where the land is located or outside the state, a copy may be recorded only if "the original was properly

---

[72] Tex. Loc. Gov't Code § 192.007 (emphasis added).

[73] *Omaha Healthcare Ctr., LLC v. Johnson*, 344 S.W.3d 392 (Tex. 2011).

[74] Tex. Prop. Code § 12.002(b).

[75] *Id*. § 12.003(a)(2).

executed and recorded in the county under the law governing such recording" and "the copy is certified by the officer having legal custody of the original."[76]

BANA's interpretation of section 192.007 accounts for these and other provisions which set specific methods for recording particular documents. Section 192.007 thus does not impose a requirement that any document be recorded, but rather requires that subsequent recordings be done in the same manner as required for the original. The County has made no factual allegations sufficient to support a claim that this statute has been violated. Indeed, its own exhibits show that when additional documents *are* recorded, they are indeed recorded in the same manner as deeds of trust.[77]

The County's contrary interpretation ignores the statute's words, and should not be adopted. It suggests that that the law means that if a person decides to record an initial instrument then every subsequent assignment of an interest in that instrument must be recorded. But that ignores the section's words, which refer to the initial instrument as a document that was "required to be" filed. Even the County concedes that no document is "required to be filed," so the statute must not apply to all instruments recorded. The words "required to be filed" must refer to something else, and that is the requirement (if any) as to the form of the instrument. The law does nothing other than further regulate the manner of instruments that citizens voluntarily choose to present for recording.

BANA's reading is the only one consistent with the statute's history and context. The Legislature passed section 192.007 as part of a larger law intended to "replace a patchwork of local records laws with uniform and equitable provisions clearly setting out the records

---

[76] *Id.* § 12.004(1) & (2).

[77] *See* Complaint Exs. 1-5.

management responsibilities of all local governments."[78]  The expressed intent of the statute was to standardize recording practices across Texas.  There is no indication in history that this was intended to impose a substantive requirement that a lender create and record a document in the first instance.  Indeed, the fact the law was codified in the Local Government Code, rather than the Property Code, is a strong indication that it was not intended to work a substantive change to all Texas law that the state land recording system is permissive, not mandatory.  It is therefore not surprising that Texas courts have held that "[u]nder Texas law, there is no requirement that the deed of trust assignment be recorded."[79]

### 2.  *No Right of Action Exists Under Section 192.007.*

The Court should dismiss the Section 192.007 claim because no private right of action exists for alleged violations of its provisions.  A private right of action may be created expressly by the Legislature or implied by a court in appropriate circumstances.[80]  Here, no express cause of action exists, as the text of Section 192.007 does not provide that any person can sue for an alleged violation, nor does it provide any remedies in the event that its provisions are not complied with.

Nor would it be appropriate to create any private cause of action.  A court may not "imply a private right of action" unless it is clear that the "drafters intended to create such a private remedy" to effectuate the purpose of a statute.[81]  Courts look to the "plain and common meaning of the statute's words," reading the statutory provision "as a whole" and "giving

---

[78] House Report, at p. 71 (Exhibit 11); *see* 1989 Tex. ALS 1248 (H.B. 1285) § 200.002(1) ("The efficient management of local government records is necessary to the effective and economic operation of local and state government").

[79] *Bittinger*, 744 F. Supp. 2d at 625; *accord Salvagio v. Madison Realty Capital, L.P.*, No. H-11-2183, 2011 WL 2559371, at *8 (S.D. Tex. June 27, 2011).

[80] *Davis v. Hendrick Autoguard, Inc.*, 294 S.W.3d 835, 838 (Tex. App. – Dallas 2009, no pet.).

meaning to the language consistent other provisions in the statute."[82]  Here, nothing in the plain language of Section 192.007 indicates that the Legislature intended to create a private right of action allowing an allegedly aggrieved person to seek damages or otherwise enforce the statute.

Nor is any other basis apparent for implying a private right of action.  Section 192.007 is part of a subtitle containing four chapters that instruct local officials on how to maintain, store, and organize county records efficiently.  Tex. Loc. Gov't Code §§ 191.001-009, 192.001-007, 193.001-013, 195.001-009.  Indeed, a completely separate title of the Local Government Code allows counties to collect fees for recording interests in real property (*see* Tex. Loc. Gov't Code §§ 118.001 *et seq.*), and no provision of the Local Government Code (or Property Code) authorizes an action by a county to attempt to collect fees allegedly due for *un*recorded instruments; fees may only be collected for recorded instruments.  Finally, the general purpose of Texas's recording statutes is to give prospective creditors and purchasers information about title to property.[83]  Because no indication exists that the Texas Legislature enacted Section 192.007 to give a cause of action to Plaintiff to recover damages for assignments that were never presented for recording and which it never recorded, the Court should dismiss this claim.[84]

As noted above, considering this exact question, the Northern District in the *Dallas County* case dismissed the counties' attempted cause of action under Section 192.007 for lack of

---

[81] *Id.*

[82] *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004).

[83] *Ojeda De Toca v. Wise*, 748 S.W.2d 449, 450-51 (Tex. 1988) ("[T]he purpose of recording statutes is to protect intending purchasers and encumbrancers against the evils of secret grants and secret liens and the subsequent frauds attendant upon them.") (ellipses omitted).

[84] *Texas Dep't of Transp.*, 146 S.W.3d at 644 (affirming dismissal of claim; statute created no private right of action); *Davis*, 294 S.W.3d at 840 (same); *Rubinstein v. Collins*, 20 F.3d 160, 172 (5th Cir. 1994) ("we will not expand state law beyond its presently existing boundaries.").

a private right of action.[85]  Two other courts (in addition to *Dallas County*) have held that no

private cause of action exists in similar cases, *Christian County Clerk v. Mortgage Electric*

*Registration Systems, Inc.*, 2012 WL 566807 at * 2, 5 (W.D. Ky. Feb. 21, 2012), and

in *Fuller v. Mortgage Electronic Registration Systems, Inc.*, Exhibit 1 hereto, at pp. 14-15.

     Plaintiff's claim for violation of section 192.007 should be dismissed because the statute

does not provide a right of action.[86]

### 3.    *No Violation Occurred Even Under the County's Theory.*

     Even if a private right of action existed, and even if Section 192.007 imposed a duty to

record assignments, and even if the County had standing to sue to obtain fees for assignments it

did not record, the section 192.007 claim would still fail because assignments of deeds of trust

ordinarily are not, and need not be, created when note and loan interests are transferred with

respect to the MERS® System.

     The County's case is premised on the contention that the transfer of promissory notes

secured by deeds of trust naming MERS as beneficiary triggers a duty to record assignments and

that those assignments were not recorded.[87]  But a transfer of an interest in a promissory note

does not require a change in the  recorded security instrument because they are two different

instruments.  The Supreme Court of Minnesota explained the distinction in *Jackson v. Mortgage*

*Electronic Registration Systems, Inc.*[88]  There, borrowers sought to enjoin non-judicial

foreclosure sales on the ground that MERS, as mortgagee, failed to comply with a statutory

requirement that all assignments of a mortgage must be recorded and notice must be given of

---

[85] Exhibit 6 at 77-78.

[86] *Tex. Dep't of Transp.*, 146 S.W.3d at 644 (affirming dismissal of claim for violation of statute that created no private right of action); *Davis*, 294 S.W.3d at 840 (same).

[87] Complaint ¶ 20.

each assignee to the mortgagee.  The Court held that no violation occurred, because "when MERS members transfer their interest in a debt, an assignment of the promissory note is executed but an assignment of the security instrument is not executed."[89]

Indeed, that is one of the features of MERS:  If the lender sells or transfers the beneficial interest in the loan or debt to another MERSCORP member, MERS continues to hold the legal title to the deed of trust and serve as the beneficiary of record, on behalf of the new lender.[90]  The transfer of a promissory note does not constitute an assignment of a deed of trust and does not require the creation and recordation of a physical assignment of the deed of trust.[91]

## C.    The Unjust Enrichment Claim Should Be Dismissed.

Plaintiff alleges that BANA has been unjustly enriched by "avoiding the filing fees associated with recordation of transfers that would otherwise have been recorded, but for its participation in the MERS System."  Complaint ¶ 47.  This cause of action, too, must be dismissed for multiple reasons.

As a preliminary matter, Plaintiff's unjust enrichment claim is a theory of recovery, not a cause of action, and therefore fails along with Plaintiff's other faulty claims.[92]  Additionally, this unjust enrichment claim is merely an attempt to reframe the statutory Section 192.007 claims as a common law action, to avoid the obvious lack of a private right of action under the relevant

---

[88] 770 N.W.2d 487, 489-90 (Minn. 2009)

[89] *Id.* at 495.

[90] *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1039 (9th Cir. 2011).

[91] *Jackson*, 770 N.W.2d at 501.

[92] *E.g.*, *Walker v. Cotter Props., Inc.*, 181 S.W.3d 895, 900 (Tex. App. – Dallas 2006, no pet.) ("Unjust enrichment is not an independent cause of action but rather characterizes the result of a failure to make restitution of benefits either wrongfully or passively received under circumstances which give rise to an implied or quasi-contractual obligation to repay."); *see, e.g.*, *Redwood Resort Props., LLC v. Holmes Co.*, 2006 WL 3531422, at *9 (N.D. Tex. Nov. 27, 2006) (granting Rule 12 motion; unjust enrichment not an independent cause of action).

statutes; this attempt should be rejected and the argument rejected outright.  Courts have

repeatedly held that when a statute does not give a private cause of action, a plaintiff may not

circumvent legislative intent by asserting common law claims based on alleged violations of that

statute.[93]  In the absence of a statutory private right of action, Plaintiff may not attempt to raise a

common law claim for violation of section 192.007.

There also is no factual basis for the unjust enrichment claim.  While the County alleges

that BANA was unjustly enriched by its failure to pay fees when assigning loans (Complaint ¶¶

47-48), it fails to allege that BANA—rather than its assignee—would have had the task of

recording the assignment and paying the accompanying fees.  Rather, as the assignee is the party

who must seek to protect its interest, the assignee would have been the entity that would

---

[93] *Palmer v. Illinois Farmers Ins. Co.*, 666 F.3d 1081, 1085 (8th Cir. 2012) (courts have "rejected common law causes of action based on violations of statutes which provided no private right of action"); *Grochowski v. Phoenix Construction*, 318 F.3d 80, 86 (2d Cir. 2003) (because "no private right of action exists under the relevant statute, the plaintiffs [sic] efforts to bring their claims as state common-law claims are clearly an impermissible 'end run' around the [statute]"); *Musson Theatrical Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1252 (6th Cir. 1996) (declining to recognize common law cause of action for violation of statute after finding no private right of action); citing *Statland v. American Airlines, Inc.*, 998 F.2d 539 (7th Cir. 1993) (Plaintiff "cannot bootstrap consumers' rights into a law that does not mention them."); *Greenspan v. Third Fed. Sav. & Loan Ass'n*, 912 N.E.2d 567, 570 (Ohio 2009) (refusing to recognize a claim not supported by statute simply because plaintiff  "creatively framed the action as one for unjust enrichment"); *Martinez v. Capital One, N.A.*, 2012 WL 1027571, at *11 (S.D.N.Y. Mar. 27, 2012) ("a plaintiff cannot maintain a common law negligence claim based on conduct governed by statute when that statute offers no private right of action"); *Herndon v. Rite Aid Corp.*, 2007 WL 2712978, at *7 (S.D. Ala. Sept. 14, 2007) (rejecting "the notion that common-law causes of action predicated upon the violation of a statute may be maintained where there is no private right of action under the statute itself"); *Universal Acupuncture Pain Servs., P.C. v. State Farm Mut. Auto. Ins. Co.*, 196 F. Supp. 2d 378, 387 (S.D.N.Y. 2002) (insurer could not recover for violation of statute under common law; statute provided no private right of action); *Davis v. United Air Lines, Inc.*, 575 F. Supp. 677, 680 (E.D.N.Y. 1983) (rejecting common law contract claim as "end run" around statute that gave no private right of action).

normally record such a an assignment, if it chose to do so.[94]  The Complaint is at least deficient in failing to allege a basis for the assumption that was BANA—rather than its assignees—that had been unjustly enriched.

Second, the unjust enrichment claim rests on the fallacy that a county can sue a defendant for not sufficiently using an optional government service.  Indeed, the County alleges that BANA did *not* record documents and did not pay fees for those documents it did *not* record.[95]  Just as a toll collector cannot recover a toll from a driver who uses a non-toll road to reach her destination, however, the County cannot recover recording fees from BANA for choosing to not record certain documents.[96]

The Complaint also fails to state a claim when one examines the elements of a theory of unjust enrichment.  The County can recover under this claim only where "one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage."[97]  No part of this standard has been adequately alleged

The county Plaintiff has not conferred a benefit on BANA by virtue of BANA not recording assignments.  There is no allegation that the County paid or delivered money or property to BANA, or otherwise that BANA obtained something the County had.  Any general benefit BANA received—from recording documents or from the land records system—was

---

[94]     *See, e.g.*, *Henderson v. Pilgrim*, 22 Tex. 464, 476 (1858) (noting that an assignee must "make his assignment a matter of record" if he wishes protection against subsequent bona fide purchasers).

[95]     Plaintiff's exhibits do nothing to support this claim, as they are clearly documents that *were* recorded.

[96]     *See Cockerham v. Kerr-McGee Chem. Corp,* 23 F.3d 101, 106-07 (5th Cir. 1994) (defendant not unjustly enriched by using dirt from its own site; defendant had no obligation to purchase dirt from plaintiffs and thus plaintiffs were not entitled to defendant's cost savings).

conferred by the legislature.  Because the benefit was conferred by statute, not by Plaintiff, this claim must be dismissed.[98]

The unjust enrichment claim should be dismissed because the Complaint does not allege BANA was unjustly enriched as a result of "fraud, duress, or the taking of an undue advantage."[99]  As shown previously, Texas law expressly allows MERS to serve as beneficiary and does not require recording of assignments of MERS loans.[100]  No fraud occurred, therefore, and so the unjust enrichment claim must be dismissed.[101]

Finally, the absence of a benefit obtained by "fraud, duress, or the taking of an undue advantage" is evident because the statute governing recording fees requires payment only for documents BANA records; it imposes no fee on documents *not* presented for recording.  And the County does not dispute that BANA paid the statutory recording fee whenever it recorded documents.  The County, therefore, can assert no scenario in which Defendants were required by law to pay a recording fee but failed to do so.  As a result, no causal connection exists between any allegedly unjust behavior by BANA, on the one hand, and any benefit provided by the

---

[97]     *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992); *Zapata Corp. v. Zapata Gulf Marine Corp*., 986 S.W.2d 785, 788 (Tex. App. – Houston [1st Dist.] 1999, no pet.).

[98]     *See Tetra Techs., Inc. v. Kan. City S. Ry. Co.*, 122 Fed. Appx. 90, 102 (5th Cir. 2005) (denying plaintiff's unjust enrichment claim because alleged benefit defendant received resulted from operation of statute).

[99]     *See Cockerham*, 23 F.3d at 107 (explaining that whether defendant benefited "is not a material fact; the issue is whether that benefit was unjust"); *Zapata Corp.*, 986 S.W.2d at 788 ("The profit must be 'unjust' under principles of equity."); *Shin v. Sharif*, 2009 WL 1565028, at *7 (Tex. App. – Fort Worth June 4, 2009, no pet.) (affirming summary judgment where the defendant did not receive alleged benefits unjustly).

[100]    *See* Part I.A, *supra.*

[101]    *TSBA, Inc. v. Perkins Ins. Agencies, LLP*, 2011 WL 1196035, at *3-4  (Tex. App. – Eastland Mar. 31, 2011, pet. denied) (granting summary judgment; no showing of "fraud, duress, or taking an undue advantage by the defendants").

County, on the other.[102]  Plaintiff's request for additional fees beyond those allowed by the governing statute cannot be the basis for an unjust enrichment claim.

### D.     The County Is Not Entitled to Declaratory Judgment

The County also asserts a claim for declaratory judgment, seeking judicial declarations (1) that "the filing of deeds of trust identifying MERS as a 'mortgagee' or 'beneficiary' under the deed of trust" and identifying MERS such that it is indexed as a Grantor "constitutes a violation of section 51.901 of the Texas Government Code,"  and (2) that BANA is liable for "having failed to properly record" a variety of documents.  Complaint ¶¶ 49-51.  Plaintiff is not entitled to this declaratory relief for a variety of reasons.

As an initial matter, for all the reasons stated above, Plaintiff's claims are legally meritless, so there is no active controversy.[103]  Accordingly, there is no "substantial continuing controversy between two adverse parties."[104]  There is no need for a declaratory judgment when the substantive claims for recovery fail.

The County's two sought-for declarations should not be entertained for other reasons. The County may not seek a declaration for a "violation" of Section 51.901 because that statute has no operative prohibition to violate.  Instead, the statute provides a mechanism that a "clerk of

---

[102]     *See McNair v. Cedar Park*, 993 F.2d 1217, 1221 (5th Cir. 1993) (finding no unjust enrichment where party paid for and received benefit as promised); *Crawford v. Protective Life Ins.*, 2000 WL 33348737, at *3 (W.D. Tex. Oct. 20, 2000) (no unjust enrichment were, in exchange for the premium payment it received, insurer provided coverage as agreed); *Texas Carpenters Health Benefit Fund, IBEW-NECA v. Philip M*, 21 F. Supp. 2d 664, 678 (E.D. Tex. Aug. 31, 1998) (finding no unjust enrichment where plaintiff conferred benefit on defendant according to applicable collective bargaining agreement).

[103] *See, e.g.*, *Chance v. Aurora Loan Services, L.L.C.*, No. 3:11–CV–1237–BH, 2012 WL 912939, at *8 (N.D. Tex. Mar. 19, 2012) (dismissing declaratory judgment claim because "Plaintiff has alleged no facts that would lead to a conclusion that a present controversy exists between Plaintiff and Defendants."); *Bell v. Bank of America Home Loan Servicing LP*, No. 4:11–cv–02085, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012) (same).

the supreme court, clerk of the court of criminal appeals, clerk of a court of appeals, district clerk, county clerk, district and county clerk, or municipal clerk" should follow in the event that he or she "has a reasonable basis to believe in good faith that a document or instrument previously filed or recorded or offered or submitted for filing or for filing and recording is fraudulent."[105]  The statute establishes a non-judicial procedure, requiring the clerk who believes the document to be fraudulent to provide written notice to the obligor or debtor within two business days of discovery of the believed fraudulent nature of the document.[106]  The recipient of that notice (not the clerk or county) may then bring a judicial action through a process defined in Tex. Gov't Code § 51.903 to seek a judicial determination as to the validity of the lien.  That statute "authorizes a person or entity that owns real property, and has reason to believe that another has filed a document purporting to create a lien against that property, to file a motion with the district clerk alleging that the instrument in question is fraudulent, as defined by section 51.901(c), and therefore should not be accorded lien status."[107]

Section 51.901 is a procedural statute that cannot be "violated" any more than one can violate the law allowing the filing of civil actions.  Indeed, to bring a lawsuit for "violation" of Section 51.901 is inconsistent with the code itself, which was passed with the Texas legislature's clear intent to resolve false lien issues in a different way.

Moreover, Section 51.901 is not even implicated by the County's suit, for it governs only those documents which on their face are not valid liens.  In a proceeding under sections 51.901 and .903, "a trial court is limited to determining whether a particular instrument, or instruments,

---

[104] *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003).

[105] Tex. Gov't Code § 51.901.

[106] *Id.*

- 35 -

is fraudulent as therein defined; it may not rule on the validity of the underlying lien itself or other claims between the parties."[108]  The County has not alleged that any lien is facially invalid as not a document provided for by the law, nor than any lien is fraudulent and not agreed to by the obligor.  Accordingly, there is no active case or controversy.

The County's second request declaration is that BANA "is liable" for failing to record the non-existent paper assignments of deeds of trust.  This is a patent attempt to gin up a cause of action for an alleged Section 192.007 obligation where none exists.  It is inappropriate for this reason.

Finally, the granting of a declaratory judgment is an exercise of discretion, and this Court should decline to exercise that discretion.[109]  Declaratory judgment should be denied when, as here, it "essentially duplicates" Plaintiff's other claims.[110]  Declaratory judgment is also disfavored "when parties have sought to remedy past wrongs,"[111] as Plaintiff does here in seeking a declaration that "each Defendant is liable for having failed to properly record" various

---

[107] *In re Purported Liens or Claims Against Samshi Homes, L.L.C.*, 321 S.W.3d 665, 666 (Tex. App.–Houston 2010).

[108] *Id.* at 667; *see also id.* at 668 (concluding that mechanic's liens "are instruments 'provided by the ... laws of this state' and are therefore not presumed to be fraudulent under section 51.901(c)(2)(A).").

[109] See *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir.1991); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995) ("Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants.").

[110] *Xtria LLC v. Tracking Sys., Inc.*, No. 3:07–CV–0160–D, 2007 WL 1791252, at *3 (N. D. Tex. June 21, 2007); *see also Scritchfield v. Mutual of Omaha Ins. Co.*, 341 F.Supp.2d 675, 682 (E.D.Tex.2004) (dismissing declaratory judgment claims because "[p]laintiffs would get nothing from a declaratory judgement [sic] that they would not get from prevailing on their breach of contract claims").

[111] *Connect Insured Telephone, Inc. v. Qwest Long Distance, Inc.*, No. 3:10–CV–1897–D, 2012 WL 2995063, at *9 (N.D. Tex. July 23, 2012).

documents.[112]   In light of these failures, this Court should dismiss the County's request for declaratory relief.

### E.      Injunctive Relief and Exemplary Damages Are Not Cognizable Causes Of Action.

Plaintiff purports to assert claims for injunctive relief and exemplary damages. Complaint ¶¶ 52-54.  These "claims" should be dismissed, as they are remedies, not causes of action.[113]   These claims also fail because they are derivative of Plaintiff's other causes of action, none of which state cognizable claims for relief.

### F.      No Conspiracy Claim Is Stated.

The Complaint includes a brief paragraph containing cursory allegations of a conspiracy by Defendants.  Complaint ¶ 55.  Plaintiff has simply parroted the elements of a civil conspiracy, however, which is insufficient to state a claim.[114]   Moreover, because liability for conspiracy is "derivative" of the underlying tort claims in the Complaint, *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996), and because the Complaint  states no viable tort claims, the conspiracy allegations are likewise defective.  *Woodward v. Liberty Mut. Ins. Co.*, 2009 WL 1904840, at *5 (N.D. Tex. July 2, 2009) (dismissing claim; "civil conspiracy in Texas is a derivative tort which

---

[112] Complaint ¶ 51

[113] *Lindsey v. Ocwen Loan Servicing, LLP*, 2011 WL 2550833, at *6 (N.D. Tex. June 27, 2011) (dismissing claim for declaratory judgment); *Cook v. Wells Fargo Bank, N.A.*, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) ("Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action"); *UMLIC VP LLC v. T & M Sales & Envtl Sys., Inc.,* 176 S.W.3d 595, 616 (Tex. App. – Corpus Christi 2005, pet. denied) (exemplary damages unavailable where plaintiff-appellees "failed to sufficiently plead an underlying cause of action for fraud" or any "independent cause of action in tort.").

[114] *VendEver LLC v. Intermatic Mfg.*, 2011 WL 4346324, at *8 (N.D. Tex. Sept. 16, 2011) (dismissing conclusory conspiracy claim); *Berry v. Indianapolis Life Ins. Co.*, 600 F. Supp. 2d 805, 815 (N.D. Tex. 2009) (dismissing conspiracy claim; plaintiffs failed to allege facts showing agreement among defendants).

requires the plaintiff to show that the defendant is liable for some underlying tort," which plaintiffs failed to do).

## **CONCLUSION**

For these reasons, defendant Bank of America, N.A. respectfully requests that the Court grant its motion and dismiss the Complaint with prejudice.

Dated:  July 27, 2012                              Respectfully submitted,

/s/ Darrell Lee Barger
Darrell Lee Barger
Hartline Dacus et al
800 N Shoreline Blvd
Suite 2000 North Tower
Corpus Christi, TX 78401
Tel.: 361-866-8009
Fax: 361-866-8039
dbarger@hdbdlaw.com

Thomas M. Hefferon (pro hac vice)
Joseph F. Yenouskas (pro hac vice)
Goodwin Procter LLP
901 New York Ave., N.W.
Washington, D.C. 20001
Tel.: 202-346-4029
Fax: 202-346-4444
thefferon@goodwinprocter.com
jyenouskas@goodwinprocter.com

*Attorneys for Bank of America, N.A.*

LIBW/1833677.9

- 38 -