**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **NUECES COUNTY, TEXAS** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 2:12-CV-00131** |
| | § | |
| **MERSCORP HOLDINGS, INC. et al.,** | § | **JUDGE RAMOS** |
| | § | |
| **Defendants.** | § | |
| | § | |
| | § | |
| | § | |
| | § | |

**BANK OF AMERICA'S ANSWER TO
<u>SECOND AMENDED ORIGINAL COMPLAINT</u>**

Defendant Bank of America, N.A. ("Bank of America"), by and through undersigned counsel, hereby files this Answer to Plaintiff's Second Amended Original Complaint. Bank of America files this Answer without waiving, and expressly reserving, all rights that Bank of America has to file dispositive motions. Bank of America denies all allegations in the Second Amended Original Complaint except as expressly admitted herein.

<u>**RESPONSE TO ALLEGATIONS**</u>

The Second Amended Original Complaint makes numerous allegations about actions by "Defendants." To the extent the allegations are directed to its co-defendants, no response is required by Bank of America; if a response is required, Bank of America denies the allegations to that extent. The Second Amended Original Complaint also attempts to define Bank of America as including other entities, affiliates, or companies; Bank of America does not accept the convention since as only it has been sued, and so "Bank of America" as used herein refers to the defendant only.

## "STATEMENT OF CLAIMS"

1.      In response to the allegations in the first sentence of Paragraph 1, Bank of America states that it makes mortgage loans and therefore is part of the mortgage finance industry, and denies the remaining allegations.  The allegations in the second sentence of Paragraph 1 contain conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations and specifically denies that it violated Texas law.

2.      Denied.

3.      Denied.

4.      Denied.

## "JURISDICTION AND VENUE"

5.      The allegations contained in Paragraph 5 state conclusions of law to which no response is required.  To the extent a response is required, Bank of America admits that this Court possesses jurisdiction under 28 U.S.C. § 1332(a)(1).

6.      The allegations contained in Paragraph 6 state conclusions of law to which no response is required.  To the extent a response is required, Bank of America admits that venue for Nueces County's claims is properly laid in this Court, though Bank of America reserves all rights to dispute the propriety of venue as to any other Plaintiff that may attempt to join this action in the future.

## "PARTIES"

7.      In response to the allegations in Paragraph 7, Bank of America admits that Nueces County is the plaintiff in this lawsuit and denies all remaining allegations.

8.      In response to the allegations in Paragraph 8, Bank of America admits the first sentence and admits that MERSCORP Holdings, Inc. ("MERSCORP") is a defendant in this lawsuit and that it has appeared.  Bank of America lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8, and so denies them.

9.      In response to the allegations in Paragraph 9, Bank of America admits that Mortgage Electronic Registration Systems, Inc. ("MERS") is a defendant in this lawsuit, that it is a wholly-owned subsidiary of MERSCORP and a Delaware corporation, and that it has appeared.  Bank of America lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9, and so denies them.

10.     Bank of America denies the allegations in the first sentence of Paragraph 10.  As to the remaining allegations in Paragraph 10, Bank of America admits that it is currently a shareholder in MERSCORP, that it does business in Nueces County, Texas, and that it has been served and has appeared in this action.  Bank of America expressly denies all other allegations in Paragraph 10.

### "FACTUAL BACKGROUND"

11.     Bank of America admits that certain American Colonies passed property recordation statutes, and expressly denies all remaining allegations in Paragraph 11.

12.     The allegations contained in the first sentence of Paragraph 12 are excerpts from a law review article, to which no response is required; to the extent a response is required, Bank of America denies that the law review article is correct and states that, to the extent the allegations attempt to quote or summarize the document, the law review article speaks for itself, and denies all allegations inconsistent with the article.  Bank of America denies the allegations in the second sentence of Paragraph 12.  The allegations contained in the third sentence of Paragraph 12 state

conclusions of law to which no response is required; to the extent a response is required, Bank of America admits that States and the District of Columbia have passed recording statutes, and denies the remaining allegations.  Bank of America admits the allegations contained in the fourth sentence of Paragraph 12.

13.     The allegations contained in Paragraph 13 state conclusions of law to which no response is required.  To the extent a response is required, Bank of America admits that Chapter 12 of the Texas Property Code is one part of Texas law that governs recordation of documents, admits that the second sentence of Paragraph 13 quotes a portion of Tex. Gov't Code § 192.007, and denies all remaining allegations in Paragraph 13.  Bank of America specifically denies that Texas law ever requires recordation of or reflection of transfers of interests in security instruments or notes.

14.     The allegations contained in Paragraph 14 state conclusions of law to which no response is required.  To the extent a response is required, Bank of America admits that the allegations quote portions of Tex. Prop. Code §§ 13.001(a) and 13.002(1), and denies all allegations inconsistent with Texas law.  All remaining allegations in Paragraph 14 are denied.

15.     The allegations contained in Paragraph 15 restate the text of Tex. Prop. Code § 11.004.  Bank of America states that the statute speaks for itself and denies all allegations inconsistent with the statute.

16.     The allegations contained in the first sentence of Paragraph 16 restate the text of Tex. Loc. Gov't Code § 193.003.  Bank of America states that the statute speaks for itself and denies all allegations inconsistent with the statute.   The second sentence of Paragraph 16 contains conclusions of law to which no response is required; to the extent a response is required, Bank of America admits that the term "grantee" is sometimes used as described in the second

sentence of Paragraph 16 but denies that is  the only usage or meaning of the term.  Bank of America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 16, and so denies them.

17.     Denied.

18.     No response is required to the allegations contained in the first two sentences of Paragraph 18, as they are introductory and general in nature, do not relate in any way specifically to Bank of America, and are not pertinent to the claims at issue in this lawsuit.  To the extent a response is required, Bank of America denies the allegations because they are general and nonspecific attempts to summarize thousands of transactions of various kinds and to characterize transaction terms and legal details that vary widely among the transactions, and so are inaccurate and incomplete. Bank of America denies all remaining allegations in Paragraph 18.

19.     Bank of America admits the allegations in the first sentence of Paragraph 19. Bank of America denies the allegations in the second and third sentences of Paragraph 19.  In response to the fourth sentence of Paragraph 19, Bank of America denies that MERS "shows up" as grantee; Plaintiff is the person that creates the indexes that list MERS as grantee.

20.     In response to the allegations in Paragraph 20, Bank of America admits that the MERS system tracks certain interests in certain mortgage loans.  In response to the allegations in the first and second sentences in Paragraph 20, Bank of America denies that the allegations accurately describe MERS and the operation of the MERS System, as reflected in the deeds of trust that are agreed upon between borrowers and lenders (exemplars of which are attached as Exhibits 1-3, and 5 to the Second Amended Original Complaint and Exhibits 1-2 hereto) and the MERS Rules of Membership which is a primary document that govern the relationship between MERSCORP and its members (*see* pages 19-62 of Exhibit 11 to the Second Amended Original

Complaint and Exhibit 3 hereto).  In response to the allegations in the third sentence in Paragraph 20, Bank of America states that the Supplemental Brief of MERS speaks for itself and denies all allegations inconsistent with the entirety of that Brief.  All remaining allegations are denied.

21.     Bank of America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 21.  Bank of America denies the allegations in the second sentence of Paragraph 21.  Bank of America states that the Brief cited in the third sentence of Paragraph 21 speaks for itself and denies all allegations inconsistent with the entirety of that Brief.  All remaining allegations contained in Paragraph 21 are denied.

22.     In response to the allegations in Paragraph 22, Bank of America states that the Brief cited in Paragraph 22 speaks for itself, and denies the allegations contained in Paragraph 22 to the extent they are inconsistent with the entirety of that Brief.  All remaining allegations contained in Paragraph 22 are denied.

23.      The first sentence in Paragraph 23 is not an allegation of fact but rather poses a question, as to which no response is required.  Bank of America denies the allegations in the second sentence of Paragraph 23.   The allegations in the third sentence of paragraph 23 quote a court decision; Bank of America states that the decision speaks for itself, and notes that the decision later was vacated and so is void and of no effect.  *Agard v. Select Portfolio Servicing, Inc.*, 2012 WL 1043690, at *4 (E.D.N.Y. Mar 28, 2012).  All remaining allegations are denied.

24.     The allegations contained in Paragraph 24 state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations in the first sentence of Paragraph 24, and admits that the allegations in the second

sentence of Paragraph 24 provide general statements that are true as far as they go, but denies all allegations inconsistent with Texas law. All remaining allegations are denied.

25.     Bank of America denies the allegations contained in the first and second sentences of Paragraph 25. In response to the remaining allegations of Paragraph 25, Bank of America states that the Brief of MERS speaks for itself and denies the allegations inconsistent with the entirety of the Brief. All remaining allegations are denied.

26.     Denied.

27.     Bank of America admits the allegations of the first and second sentences of Paragraph 27. Bank of America lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 27; Bank of America therefore denies the allegations in the third sentence of Paragraph 27. Bank of America denies the allegations in the fourth sentence of Paragraph 27.

28.     Bank of America denies the allegations in the first sentence of Paragraph 28. Bank of America admits that the allegations in the second sentence of Paragraph 28 are generally true of many deeds of trust. Bank of America denies the allegations in the third, fourth, and fifth sentences of Paragraph 28. As to the allegations in the sixth sentence of Paragraph 28, Bank of America states that the Brief of MERS quoted in text and cited in footnote 16 speaks for itself; Bank of America denies all allegations in the sixth sentence of Paragraph 28 inconsistent with the entirety of the Brief.

29.     Denied.

30.     Bank of America denies the allegations contained in the first and second sentences of Paragraph 30. Bank of America lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third, fourth, fifth, sixth and seventh

sentences of Paragraph 30 because they concern a transaction in which Bank of America was not involved and concern conduct by the Plaintiff itself in indexing the subject document, and so it denies them.  Bank of America denies the allegations in the eighth sentence of Paragraph 30.

31.     Bank of America denies the allegations in Paragraph 31.  In response to the allegations contained in footnote 19 to Paragraph 31, Bank of America states that the Consent Order MERSCORP and MERS entered into with several federal agencies speaks for itself, and denies all allegations in footnote 19 inconsistent with the Consent Order.  All remaining allegations are denied.

**"CAUSE OF ACTION"**

32.     Denied.

33.     Denied.

**A.     <u>"Fraudulent Misrepresentation"</u>**

34.     Bank of America hereby incorporates by reference, as if fully set forth herein, its answers and responses to Paragraphs 1 through 33 above.

35.     Denied.

36.     Bank of America denies the allegations contained in Paragraph 36, which are inconsistent with the fact that Plaintiff indexes the records according to its own protocols.  *See* Exhibits 1-2, 5-6.

37.     Denied.

38.     Denied.

39.     Denied.

**B.**      **"Violation of § 12.002 of the Texas Civil Practice & Remedies Code"**

40.      The allegations in Paragraph 40 contain excerpts from a statute.  Bank of America states that the statute speaks for itself and denies all allegations inconsistent with the statute.

41.      The allegations in the first sentence of Paragraph 41 contains an excerpt from a statute.  Bank of America states that the statute speaks for itself and denies all allegations inconsistent with the statute.  The remaining allegations of Paragraph 41 contain conclusions of law to which no response is required.  To the extent a response is required, Bank of America admits that, as a general principle, federal courts sitting in diversity apply state substantive law; however, Bank of America specifically denies that injunctive relief is a matter of state substantive law, as injunctions are a procedural matter governed by Fed. R. Civ. P. 65 in this lawsuit that was filed and is pending in federal court.

42.      Denied.

43.      Denied.

44.      Paragraph 44 constitutes a request to the Court; as such, no response is required. To the extent any response is required, Bank of America states that the request should be denied. Bank of America denies all factual allegations in Paragraph 44.

**C.**   **"Violation of Texas Local Government Code § 192.007"**

45.      The allegations contained in Paragraph 45 concern a claim that this Court dismissed with prejudice as a matter of law by Order entered July 3, 2013, and so no response is required.  To the extent a response is required, the allegations are denied.

46.      The allegations contained in Paragraph 46 concern a claim that this Court dismissed with prejudice as a matter of law by Order entered July 3, 2013, and so no response is required.  To the extent a response is required, the allegations are denied.

47.     The allegations contained in Paragraph 47 concern a claim that this Court dismissed with prejudice as a matter of law by Order entered July 3, 2013, and so no response is required.  To the extent a response is required, the allegations are denied.

48.     The allegations contained in Paragraph 48 concern a claim that this Court dismissed with prejudice as a matter of law by Order entered July 3, 2013, and so no response is required.  To the extent a response is required, the allegations are denied.

49.     The allegations contained in Paragraph 49 concern a claim that this Court dismissed with prejudice as a matter of law by Order entered July 3, 2013, and so no response is required.  To the extent a response is required, the allegations are denied.

50.     The allegations contained in Paragraph 50 concern a claim that this Court dismissed with prejudice as a matter of law by Order entered July 3, 2013, and so no response is required.  To the extent a response is required, the allegations are denied.

**D.      "Unjust Enrichment"**

51.     The allegations contained in Paragraph 51 concern Defendants MERSCORP and MERS and state conclusions of law, and thus require no response from Bank of America.  To the extent that a response is required, Bank of America denies the allegations.

52.     The allegations contained in Paragraph 52 concern Defendants MERSCORP and MERS and state conclusions of law, and thus require no response from Bank of America.  To the extent that a response is required, Bank of America denies the allegations.

53.     Bank of America denies the allegations in Paragraph 53, which are predicated on an alleged duty to record assignments and other documents.  There is no such duty because, among other reasons, the statute referred to, Tex. Loc. Gov. Code § 192.007, does not create any duty to record anything but instead was enacted to address the microfilming of records and other

management of documents that have been voluntarily tendered for recording (*see* legislative documents attached as Exhibit 10).

54.     Denied.

**E.      "Declaratory Judgment"**

55.     The allegations contained in Paragraph 55 concern a claim that this Court dismissed with prejudice as a matter of law by Order entered July 3, 2013, and so no response is required.  To the extent a response is required, the allegations are denied.

56.     The allegations contained in Paragraph 56 concern a claim that this Court dismissed with prejudice as a matter of law by Order entered July 3, 2013, and so no response is required.  To the extent a response is required, the allegations are denied.

57.     The allegations contained in Paragraph 57 concern a claim that this Court dismissed with prejudice as a matter of law by Order entered July 3, 2013, and so no response is required.  To the extent a response is required, the allegations are denied.

**F.      "Request for Injunctive Relief"**

58.     The allegations contained in Paragraph 58 concern a claim that this Court dismissed with prejudice as a matter of law by Order entered July 3, 2013, and so no response is required.  To the extent a response is required, the allegations are denied.

59.     The allegations contained in Paragraph 59 concern a claim that this Court dismissed with prejudice as a matter of law by Order entered July 3, 2013, and so no response is required.  To the extent a response is required, the allegations are denied.

G.        "Exemplary Damages"

60.        The allegations contained in Paragraph 60 concern a claim that this Court

dismissed with prejudice as a matter of law by Order entered July 3, 2013, and so no response is

required.  To the extent a response is required, the allegations are denied.

"CONSPIRACY"

61.        Bank of America hereby incorporates by reference, as if fully set forth herein, its

answers and responses to Paragraphs 1 through 60 above.

62.        Denied.

A.        "Defendant Bank of America, N.A. – Background"

63.        As to the allegations in Paragraph 63, Bank of America admits that it is a wholly

owned, indirect subsidiary of Bank of America Corporation.  The second sentence in Paragraph

63 is a statement of opinion as to which no response is required.  The third sentence of Paragraph

63 is introductory in nature, states no allegation of fact, and requires no response.

64.        The allegations in Paragraph 64 are taken from a document publicly filed with the

Securities and Exchange Commission ("SEC").  Bank of America admits the allegations to the

extent they are consistent with the document.

65.        The allegations in Paragraph 65 are taken from a document publicly filed with the

SEC.  Bank of America admits the allegations to the extent they are consistent with the

document.

66.        The allegations in the first two sentences of Paragraph 66 are taken from a

document publicly filed with the SEC, and Bank of America admits these allegations to the

extent they are consistent with the document.  As to the allegations in the third sentence of

Paragraph 66, Bank of America admits to being one of the largest servicers of residential mortgage loans in the United States, and denies the remaining allegations.

67.     The allegations in the first sentence of Paragraph 67 are taken from a document publicly filed with the SEC, and Bank of America admits these allegations to the extent they are consistent with the document.  Bank of America denies the allegations in the second sentence of Paragraph 67.

68.     The allegations in the first sentence of Paragraph 68 are taken from a document publicly filed with the SEC, and Bank of America admits these allegations to the extent they are consistent with the document.  The allegations of the second sentence of Paragraph 68 are denied.

**B.     "The Conspiracy"**

69.     Bank of America denies the allegations in Paragraph 69.  Specifically, Bank of America states that it was not one of the "Founders" who "created MERSCORP in 1994."

70.      Bank of America denies the allegations in the first sentence of Paragraph 70. Bank of America lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 70, including footnote 32, and therefore denies the allegations.  Specifically, Bank of America states that it was not one of the "founders of MERSCORP."

71.     Denied.  Specifically, Bank of America states that it was not one of the "founders of MERSCORP."

72.     The allegations in the first sentence of Paragraph 72 are vague and unintelligible, and so no response is required; to the extent a response is required, Bank of America states that it

is generally aware of its legal obligations in various states, but the remaining allegations are denied.  Bank of America denies the allegations in the second sentence of Paragraph 72.

73.     The allegation in the first sentence of Paragraph 73 is not an allegation of fact but a general statement, and so no response is required; to the extent a response is required, Bank of America denies it had "involvement with the startup of MERSCORP and the MERS System."  In response to the remaining allegations in Paragraph 73, Bank of America states on information and belief based on its current investigation that NationsBank, N.A. provided a line of credit to MERS in 1998 but the remaining allegations are denied.

74.     Denied.  Bank of America denies it "was amongst the MERSCORP founders."

75.     Bank of America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and therefore denies them.

76.     Bank of America denies the allegations in the first two sentences of Paragraph 76. In response to the remainder of Paragraph 76, Bank of America states that the current MERSCORP Rules of Membership speak for themselves, and denies all allegations contained in the third and fourth sentences of Paragraph 76 to the extent they are inconsistent with the current MERSCORP Rules of Membership or purport to encompass periods when the quoted Rules were not in effect.

77.     Bank of America denies the allegations in the first sentence of Paragraph 77.  In response to the remaining allegations, which concern the current MERSCORP Rules of Membership, Bank of America states that those Rules speak for themselves, and denies all allegations contained in Paragraph 77 to the extent they are inconsistent with the current MERSCORP Rules of Membership or purport to encompass periods when the quoted Rules were not in effect.

78.     Denied.

## "JURY DEMAND"

79.     Paragraph 79 constitutes a request to the Court; as such, no response is required. To the extent any response is required, Bank of America opposes the request on any issues to which Plaintiff is not entitled to trial by jury.

## "PRAYER"

80.     Bank of America denies that Plaintiff is entitled to any relief, including but not limited to the relief sought in the "Prayer."  To the extent that the "Prayer" constitutes a request to the Court, Bank of America opposes the request.

## AFFIRMATIVE DEFENSES

### First Defense

Plaintiff's Second Amended Original Complaint, in whole or in part, fails to state claims upon which relief may be granted.

### Second Defense

Plaintiff has failed to plead its claims with the requisite specificity under Fed. R. Civ. P. 8(a) and 9(b), and Texas law.

### Third Defense

Plaintiff's claims are limited by federal preemption to the extent in conflict with federal law, regulation, or administrative actions.

### Fourth Defense

Plaintiff's claims are barred as inconsistent with Texas law, including Tex. Prop. Code, Chapter 51 and U.C.C. Articles 3 (Negotiable Instruments) and 9 (Secured Transactions).

## Fifth Defense

Plaintiff's claims are barred or limited, in whole or in part, to the extent Bank of America was privileged or licensed to act in the manner it did, including by permission or acquiescence granted by state law or legal requirement, license, federal charter, or regulatory approval or assent.

## Sixth Defense

Plaintiff's claims are barred or limited, in whole or in part, because MERS and the MERS System have been endorsed by and explicitly approved by federal agencies, including the Department of Housing and Urban Development, the Veterans' Administration, and the federal Housing Finance Agency, and by Texas state agencies, including the Texas State Affordable Housing Corporation ("TSAHC") and the Office of Consumer Credit Commissioner ("OCCC"). *See, e.g.*, Exhibits 4.A (HUD permission to allow use of MERS), 4.B (FHFA permission for lenders to name MERS as beneficiary on Texas deeds of trust), 4.C, §4.06(b) (Texas AHC form origination agreement permits the use of MERS "thus eliminating the need for a paper Assignment"), 4.D (OCC allows MERS documents for loans).  MERS also has been approved by the Texas Legislature.  *See* Tex. Prop. Code § 51.0001(1), (4).  The very statements and arrangements Plaintiff claims are fraudulent have been approved by the government.

## Seventh Defense

Bank of America's actions that allegedly gave rise to liability were legally justified.

## Eighth Defense

Plaintiff's claims are barred or limited because Plaintiff knew, should have known, or had reason to know the facts and circumstances on which its claim(s) are based.  The proposal to create the MERS System was a matter of public knowledge among Texas clerks by the mid-

1990s (*see* Exhibits 8 and 9), Nueces County has been continually recording MERS instruments

from 1999 to the present day (*see* Exhibits 1 and 7, ¶¶ 3-16), and MERS' role has been open and

plain for many years.  *See also* Exhibits 1, 4-7.  As a consequence, the claims are subject to the

defenses of laches, waiver, estoppel, acquiescence, and similar concepts; the claims are barred by

notice and knowledge; and the requests for relief are inequitable and so barred or limited by

equitable doctrines including unclean hands.

### Ninth Defense

Plaintiff's claims are barred or limited because Plaintiff accepted the subject documents

for recording, accepted fees for recording the documents, and brought no claim, raised no

complaint, and took no other action to seek clarification or review of the legality of the

documents.  *See* Exhibit 7, ¶¶ 17-19.  For this reason, Plaintiff ratified, approved, adopted,

waived, or consented to the actions described in the Second Amended Original Complaint.

### Tenth Defense

Plaintiff's claims are barred by the doctrine of primary jurisdiction and exhaustion of

remedies.

### Eleventh Defense

The claims are barred because the alleged misstatement was a statement of law and/or

Plaintiff was in a position to make its own judgment about the truth of the alleged misstatement.

### Twelfth Defense

Plaintiff's claims are barred because Bank of America acted in good faith.

### Thirteenth Defense

The Second Amended Original Complaint should be dismissed, in whole or in part, for

failure to join indispensable parties, or, in the alternative, equitable and declaratory relief should

not be available because of the absence of those parties, including noteholders, lenders, servicers, and investors in the subject mortgage loans.

## Fourteenth Defense

Plaintiff's claims are barred or limited, in whole or in part, by applicable statutes of limitations and applicable periods of repose.

## Fifteenth Defense

Plaintiff's claims with respect to indexing are barred or limited by the fact that Plaintiff indexed the deeds of trust and other instruments with its internal, chosen protocols without any involvement of Bank of America. *See* Exhibits 5 ¶¶ 20-25, 6 (examples of Plaintiff's index records for different MERS deeds of trust), and 7, ¶¶ 3-16, 20-21 (MERS indexed as grantee and "nominee").

## Sixteenth Defense

Plaintiff's injury and damages, if any, were proximately caused by their own actions or inactions.

## Seventeenth Defense

Plaintiff's claims otherwise are barred or limited by waiver.

## Eighteenth Defense

Bank of America is not liable to Plaintiff to the extent Plaintiff failed to mitigate its damages.

## Nineteenth Defense

Bank of America is not liable to Plaintiff because granting the relief sought by Plaintiff would be unconscionable.

### Twentieth Defense

Plaintiff's equitable claims are barred because of unclean hands and laches, because the requested relief would result in unjust enrichment, and due to other equitable doctrines.

### Twenty-First Defense

Bank of America is not liable to Plaintiff for money damages with respect to allegedly non-recorded assignments because the Court held that Plaintiff lacks a private right of action to seek recovery for such conduct and dismissed that claim.

### Twenty-Second Defense

Plaintiff lacks standing to sue.

### Twenty-Third Defense

Bank of America is not liable to Plaintiff because Plaintiff is not permitted to recover money damages for services which it never rendered.

### Twenty-Fourth Defense

Bank of America is not liable to Plaintiff because it had neither knowledge of nor reason to believe that any document with which it had any involvement in recording was false or fraudulent. *See* Exhibits 4.A-4.D (showing that MERS was approved by federal and, State agencies); Tex. Prop. Code § 51.0001(1), (4).

### Twenty-Fifth Defense

Bank of America owed no duty to Plaintiff in connection with the matters at issue.

### Twenty-Sixth Defense

Bank of America did not engage in fraud, duress, the taking of undue advantage, or any other unjust or improper action, as defined by Texas law, which proximately caused Plaintiff's alleged injury.

**Twenty-Seventh Defense**

Should the trier of fact find liability, any damages otherwise recoverable by Plaintiff should be offset, in whole or in part, by the amounts of the  recording fees which Plaintiff was paid and the amount that the County would have expended to record all assignments that the County claims should have been tendered for recording.  Plaintiff affirmatively asserts on its website that recording requires considerable time and effort.  *See* Exhibit 11.

**Twenty-Eighth Defense**

If any claim for punitive or exemplary damages is permitted, Bank of America reserves its right to a bifurcation of the trial of issues related to punitive or exemplary damages.  Any award of punitive damages is barred unless the trial is bifurcated, and all punitive damages issues are tried only if and after liability on the merits has been found.  Alternatively, Bank of America is entitled to a separate trial of the amount of punitive or exemplary damages only if and after liability for punitive or exemplary damages is found.

**Twenty-Ninth Defense**

If any claim for punitive or exemplary damages is permitted, such claim would be deficient on the following additional grounds:

      a.     The standard by which Bank of America's conduct is to be determined cannot be vague and wholly arbitrary and, if it is, that would deny Bank of America due process in violation of Tex. Const. Article I, § 19 and the Fifth and Fourteenth Amendments of the United States Constitution.

      b.     The standards for determining the amount of punitive and exemplary damages are vague, supplying no notice to Bank of America of the potential

repercussions of any conduct, and are subject to the unbridled discretion of the jury thereby denying due process under Tex. Const. Article I, § 19.

      c.      Any request for punitive and exemplary damages in this case would constitute a request for and/or imposition of an excessive fine in violation of Tex. Const. Article I, § 13 and the Eighth Amendment of the United States Constitution.

      d.      Any request for punitive and exemplary damages in this case would constitute a denial of equal protection under the law in violation of the Fifth and Fourteenth Amendments of the United States Constitution to the extent that Bank of America's wealth or net worth may be considered by the jury in determining the amount of punitive or exemplary damage award.

      e.      Any request for punitive and exemplary damages would subject Bank of America to multiple punishments for the same alleged wrong, thereby denying due process under the Tex. Const. Article I, § 19 and the Fifth and Fourteenth Amendment to the United States Constitution.

      f.      Any punitive and exemplary damage claims would be barred and fail in that they require strict proof and must be established by clear and convincing evidence, which is absent from the case as a matter of law.

      g.      Punitive damages may not be assessed against Bank of America to the extent such request is preempted by federal law.

      h.      Punitive damages may not be assessed against Bank of America to the extent such request would violate Tex. Civ. Prac. & Remedies Code Chapter 41, including without limitation Section 41.008.  Among other limitations, the request for punitive or exemplary damages is limited in amount as provided for by Texas law.

### Thirtieth Defense

If any claim for declaratory or injunctive relief is permitted, it would not be in the public interest.

### Thirty-First Defense

If any claim for declaratory or injunctive relief is permitted,  it would result in unjust enrichment, as well as a violation of other equitable doctrines.

### Thirty-Second Defense

If any claim for declaratory relief is permitted, Plaintiff is not entitled to such relief because no controversy exists between the parties, and because Plaintiff can and should seek guidance about recording and indexing documents from the Texas Attorney General under the advisory opinion mechanism established in Chapter 402 of the Texas Government Code.

### Thirty-Third Defense

If any claim for injunctive relief is permitted, Plaintiff is not entitled to such relief because the injury or damages allegedly suffered by Plaintiff, if any, would be adequately compensated in an action at law for damages, and Plaintiff will not suffer irreparable harm in the absence of an injunction.

### Thirty-Fourth Defense

Bank of America hereby relies on all affirmative defenses that may apply to the claims of counties other than Plaintiff in the event they become parties to this action if joinder or intervention is permitted, including but not limited to those defenses that are asserted here as to the named Plaintiff county.

### Thirty-Fifth Defense

Bank of America reserves the right to assert any additional or different defenses and affirmative defenses in response to the Second Amended Original Complaint based on information or knowledge obtained during future discovery or investigation and/or based on Court rulings that add to, change or enlarge the scope of claims currently involved in the case.

### Thirty-Sixth Defense

Plaintiff's claims are barred or limited, including with respect to time period, to the extent one or more of them failed to obtain legally-required approvals for filing suit and for retention of counsel, and therefore did not have standing, authority, or capacity to sue.

### Thirty-Seventh Defense

To the extent Bank of America may be liable on a conspiracy theory, it relies on all defenses and affirmative defenses available to the alleged co-conspirators.

### Thirty-Eighth Defense

The claims against Bank of America for the conduct of others is barred by corporate limited liability principles, by the independent corporate existence of the involved companies and shareholders, by intra-corporate conspiracy doctrine, and by equitable principles.

### Thirty-Ninth Defense

Bank of America is not liable to Plaintiff because the Texas Legislature did not intend for the statutes on which Plaintiff relies to impose liability for the conduct Plaintiff alleges.  *See* Exhibit 12 (legislative history of Tex. Prac. & Rem. Code § 12.002).

## **Fortieth Defense**

Bank of America is not liable to Plaintiff under Tex. Civ. Prac. & Rem. Code § 12.002 because Plaintiff is not an "injured person" and Plaintiff is not authorized to bring an action under that statute.

## **Forty-First Defense**

Bank of America is not liable to Plaintiff because the documents that Plaintiff alleges are false or fraudulent are valid instruments that were consented to by all parties involved.

## **Forty-Second Defense**

Bank of America is not liable to Plaintiff for the reasons previously raised as arguments in its motion to dismiss Plaintiff's claims.

*            *            *

WHEREFORE, having fully answered the Second Amended Original Complaint, and for all of the reasons set forth herein, Bank of America denies that any relief should be rewarded in this action; respectfully requests that this Court enter judgment in its favor and against Plaintiff; prays that it be awarded reasonable costs incurred in the defense of this action; and prays for such other and further relief as this Court deems just and proper.

Dated:   August 23, 2013                    Respectfully submitted,


                                            /s/ Thomas M. Hefferon
                                            Darrell L. Barger
                                            HARTLINE DACUS BARGER DREYER LLP
                                            800 North Shorline Blvd.
                                            Suite 2000, North Tower
                                            Corpus Christi, TX  78401
                                            361.866.8000 Telephone
                                            361.866.8039 Facsimile

                                            Thomas M. Hefferon (admitted *pro hac vice*)
                                            Joseph F. Yenouskas (admitted *pro hac vice*)
                                            GOODWIN PROCTER LLP
                                            901 New York Ave., NW, Suite 900
                                            Washington DC  20001
                                            202.346.4000 Telephone
                                            202.346.4444 Facsimile

                                            *Attorneys for Defendant Bank of America,*
                                            *National Association*


LIBW/1878222.8

**CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2013, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" by e-mail to all parties by operation of the Court's electronic filing system.

*/s/ Thomas Hefferon*
Thomas Hefferon